FERNDALE DAIRY, INC., ET AL. *v.* CHRISTINE A. GEIGER
ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

534

Argued October 8, 1974—decision released February 4, 1975

*Serge G. Mihaly,* with whom was *William J. McGrath,* for the appellants (plaintiffs).

*Richard A. Jontos,* for the appellee (named defendant).

*Charles Henchel,* for the appellee (defendant Honarvar).

SHAPIRO, J. The plaintiffs brought this action to recover for property damage alleged to have been sustained in a collision as the result of the negligence of the defendant automobile operator Iraj Honarvar and the vehicle's owner, defendant Christine A. Geiger. The defendant Geiger filed a counterclaim. The jury returned a verdict for

the defendants on the plaintiffs' complaint and a verdict for the defendant Geiger on her counter-claim. From the judgment rendered thereon the plaintiffs have appealed. They have assigned error in the court's denial of their motion to strike and expunge, in the court's refusal to make certain findings, in the court's charge to the jury, in rulings on evidence, and in the court's refusal to set the verdict aside upon the claim that it was contrary to the law and evidence. However, we need consider only error claimed concerning a portion of the charge to the jury which is dispositive of the appeal.

Error assigned to the charge is to be tested by the claims of proof as they appear in the finding. Practice Book § 635; *Cicero* v. *E.B.K., Inc.,* 166 Conn. 490, 492, 352 A.2d 309; *Gosselin* v. *Perry,* 166 Conn. 152, 155, 348 A.2d 623.

The plaintiffs offered evidence to prove and claimed to have proved the following facts: On December 29, 1969, the plaintiff, Ferndale Dairy, Inc., hereinafter Ferndale, was the owner of a tractor trailer[1] which was being operated east-bound, in the extreme right-hand lane, on the Connecticut Turnpike, a six-lane public highway with three eastbound and three westbound lanes. It had begun to snow about 11:00 p.m. and turn to freezing rain and the highway was covered with snow and ice and was slippery. The defendant Geiger was a passenger in her own car being operated by the defendant Honarvar which also was proceeding easterly in about the center of the highway. Both

---

[1] The complaint alleges that the plaintiff Truck Leasing Association was the owner of the tractor trailer and that it was leased by Ferndale. Since the finding recites that Ferndale was the owner we shall so refer to the vehicle's ownership.

vehicles, just prior to the accident, were traveling thirty to thirty-five miles per hour. The Geiger car began to skid. It began to fishtail and skidded across the highway into the extreme left lane, then back across the highway into the right lane. Thereupon the right front of the Ferndale vehicle struck the left rear side of the Geiger car. The point of impact was in the right lane. The operator of the Ferndale vehicle had slowed down and applied his brakes gently and began to turn to the left and in attempting to avoid hitting the Geiger car his right front came into contact with the left rear side of the car.

The plaintiffs, in their complaint, included allegations that Honarvar changed lanes when it was not safe to do so and that he failed to signal his intention to change the position of the Geiger car. The court charged the jury regarding General Statutes § 14-236, which provides in relevant part as follows: "When any highway has been divided into two or more clearly marked lanes for traffic, (1) a vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has ascertained that such movement can be made with safety . . . ." After referring to conflicting testimony of the plaintiffs and the defendants, the court instructed the jury as follows: "If you believe the defendants' version as to a dead stop on the shoulder entirely off the highway, this would end your consideration of this particular statute." The court also charged the jury regarding General Statutes §§ 14-242 and 14-244. Section 14-242 provides in relevant part as follows: "(a) No person shall . . . turn a vehicle from a direct course or move right or left upon a highway unless such movement can be made

with reasonable safety. No person shall so turn any vehicle without giving an appropriate signal in the manner provided in section 14-244. (b) A signal of intention to turn right or left shall be given continuously during not less than the last one hundred feet traveled by the vehicle before turning." General Statutes § 14-244 provides the means by which such a signal shall be given. Again, the jury were instructed: "If the defendants, according to their version, and you believe their version, were at a dead stop and completely on the shoulder of the highway at the time the collision occurred, this statute would have no application."

It may be that the Geiger car and the Ferndale vehicle were involved in skidding on the highway not due to any voluntary act on either driver's part. The defendants Geiger and Honarvar offered evidence to prove and claimed to have proved the following facts: The Geiger car began to skid and at first Honarvar did nothing. The car veered to the right, then to the left completely across the road, then back in front of the Ferndale vehicle and to the right side of the highway. When Honarvar felt the car had a grip on the road, he started to pump his brakes and brought it to a stop parallel to the right side of the highway. Honarvar knew there was traffic behind him because he saw headlights behind him for fifteen to twenty minutes. He moved off the road because he felt that this was the safest move to make so as to avoid any possible hazard of collision. Honarvar brought the car to a complete stop on the shoulder of the highway. While so located, one to ten seconds later, the Geiger car was struck in the rear by the Ferndale vehicle and was forced out into the right lane of the highway by the impact. Thus, it became a question

of fact to be determined by the jury in applying established legal principles whether the manner in which the Geiger car was operated and brought to a stop was the proximate cause of the accident.

"It is elementary that, in a negligence case, a causal relation between a defendant's wrongful conduct and a plaintiff's injury must be established in order for the plaintiff to recover damages." *Miranti* v. *Brookside Shopping Center, Inc.,* 159 Conn. 24, 27, 266 A.2d 370; *Lombardi* v. *J. A. Bergren Dairy Farms, Inc.,* 153 Conn. 19, 22, 213 A.2d 449; *Mahoney* v. *Beatman,* 110 Conn. 184, 188, 147 A. 762. Ordinarily, it is a question of fact whether the negligence of a defendant was the proximate cause of a plaintiff's injuries. *Miranti* v. *Brookside Shopping Center, Inc.,* supra; *McDowell* v. *Federal Tea Co., Inc.,* 128 Conn. 437, 440, 23 A.2d 512. The test is whether the defendant's conduct was a substantial factor in causing the plaintiff's injuries. *Hofacher* v. *Fox,* 142 Conn. 179, 184, 112 A.2d 217. To be such a factor the cause must have continued down to the moment of the damage, or, at least, down to the setting in motion of the final active injurious force which immediately produced or preceded the damage. *Mahoney* v. *Beatman,* supra, 195. See Restatement (Second), 2 Torts § 433 (b). The effect of the charge as given in the present case summarily foreclosed the plaintiffs' right to have the jury exercise their function in reaching a determination upon disputed facts. The jury should have been allowed to determine whether Honarvar's conduct in stopping constituted a violation of General Statutes §§ 14-236, 14-242 and 14-244, and if there were such a violation, whether that proximately caused the plaintiffs' damages. The charge was tantamount to a directed verdict

regarding issues in which there existed room for a reasonable difference of opinion on the issue of proximate cause. This constituted harmful error. In view of this conclusion, it is unnecessary to consider the remaining assignments of error.

There is error, the judgment on the complaint and on the counterclaim is set aside and a new trial is ordered.

In this opinion the other judges concurred.