ALBERT AKSOMITAS *v.* LOUISE E. AKSOMITAS
(12886)
(12887)

PETERS, C. J., HEALEY, SHEA, SANTANIELLO and JACOBSON, Js.

Argued February 10—decision released August 25, 1987

*Steven E. Arnold,* with whom was *Jack G. Steigelfest,* for the appellant-appellee (defendant).

*Bourke G. Spellacy,* with whom was *Mark J. Zimmermann,* for the appellee-appellant (plaintiff).

SANTANIELLO, J. This matter involves an action brought against the administratrix of an estate by an heir who sought double damages under General Statutes § 52-565 based on allegations of fraudulent concealment and forgery. The action was tried to a jury which returned a verdict in favor of the plaintiff. The trial court subsequently denied the plaintiff's claim for double damages. The defendant has appealed from the judgment rendered in accordance with the jury's verdict and the plaintiff has cross appealed from the trial court's denial of his motion for double damages.

The jury could reasonably have found the following facts. On July 17, 1966, Domicely Aksomitas (decedent) died intestate leaving as her only heirs at law, her three children, Albert Aksomitas (plaintiff), Louise E.

Aksomitas (defendant), and William E. Aksomitas (William). The decedent's estate included certain real estate located on Capitol Avenue in Hartford. At the time of the decedent's death, and for some time prior thereto, the defendant resided on Capitol Avenue with the decedent and assisted her with the management of a rooming house business that was conducted on the premises. The three heirs had agreed that the defendant should be appointed administratrix of the estate, and that she should continue to live at the Capitol Avenue premises and manage the rooming house. Further, she was to retain for herself the profits and benefits generated by her management of the premises. The heirs also had agreed that when the Capitol Avenue property was sold, the proceeds therefrom would be divided equally among them. A mutual distribution agreement was signed by the heirs and approved by the Hartford Probate Court on October 15, 1968. Subsequent thereto, William orally released his interest in the inheritance and expressed his desire that the proceeds from any eventual sale of the property should be divided equally between the plaintiff and the defendant.

In January, 1980, the property was sold and the defendant refused to pay to the plaintiff his share of the proceeds. Thereafter, the plaintiff instituted a suit against the defendant for "breach of promise." During the pendency of that action, it was discovered that certain documents which purported to convey the Capitol Avenue property to the defendant outright apparently had been forged. The allegedly forged documents were: (1) an application for administration dated August 8, 1966; (2) a quitclaim deed, dated February 3, 1967; (3) a quitclaim deed, dated May 25, 1968, with an attached document that has been referred to as a reaffirmation; and (4) a mutual distribution agreement dated August 16, 1968. The mutual distribution docu-

ment represented that the heirs had agreed to convey the decedent's estate, in its entirety, to the defendant. It had been filed in the Hartford Probate Court on October 18, 1968.

Following the discovery of the forged mutual distribution agreement the plaintiff withdrew the "breach of promise" action and instituted the action which forms the basis of the present appeal. This action was brought against the defendant both in her individual capacity and in her capacity as administratrix of the estate, and alleged fraudulent concealment and forgery.

Following a trial to the jury, judgment was rendered in accordance with the jury verdict in favor of the plaintiff. The trial court denied the defendant's motions to set aside the verdict and for judgment notwithstanding the verdict and the plaintiff's motion for double damages pursuant to General Statutes § 52-565.

Originally, both the plaintiff and the defendant filed separate appeals from these judgments with the Appellate Court. These appeals were subsequently consolidated and, pursuant to Practice Book § 4023, transferred to this court. By agreement of the parties, the defendant is the appellant, the plaintiff is the appellee, and the plaintiff's appeal is being treated as a cross appeal.

The defendant claims the court erred as follows: (1) in erroneously charging the jury on the issue of fraudulent concealment; and (2) in denying her motions to set aside the verdict and for judgment notwithstanding the verdict on the grounds that (a) the forged mutual distribution agreement, having been publicly recorded, could not have been fraudulently concealed as a matter of law, and (b) the evidence was insufficient to sustain the verdict. The plaintiff claims, in his cross appeal, that the trial court erred in denying his motion for double damages.

The defendant first claims that the trial court committed plain error when it charged the jury on the issue of fraudulent concealment.[1] The record reveals that the defendant never raised an objection to the charge in the trial court. Where a claimed error of a nonconstitutional nature is not brought to the attention of the trial court, appellate review of that claim is available only if it constitutes plain error. Practice Book § 4185; *Kolich* v. *Shugrue,* 198 Conn. 322, 326, 502 A.2d 918 (1986); *Rokus* v. *Bridgeport,* 191 Conn. 62, 67, 463 A.2d 252 (1983).

The plain error doctrine provides that an appellate court "may in the interests of justice notice plain error not brought to the attention of the trial court." Practice Book § 4185. This doctrine should be invoked sparingly and made available in only the most exceptional circumstances. *Berchtold* v. *Maggi,* 191 Conn. 266, 274, 464 A.2d 1 (1983); *Cahill* v. *Board of Education,* 187 Conn. 94, 99, 444 A.2d 907 (1982). Such exceptional circumstances may occur where the record supports a claim that the party has been deprived of a fundamental constitutional right and a fair trial; *Cahill* v. *Board of Education,* supra, 100; or where the error, in some way, directly affects the outcome of the case. *Berchtold* v. *Maggi,* supra.

---

[1] The defendant quotes and relies upon the following short excerpt of the trial court's charge: "To make this matter simple for you, in order to prevail, the plaintiff must prove that the defendant fraudulently concealed the existence of the forged documents and that he brought that action within three years after he discovered their existence. You will recall that the plaintiff testified that he did not find out about the forgeries until sometime in 1980. If such is the case, then he is not barred by the statute of limitations. On the other hand, if he discovered his right to the cause of action more than three years prior to 1981, then he is barred from bringing this action."

"It is well settled that a charge to the jury is to be considered in its entirety, read as a whole, and judged by its total effect rather than by its individual component parts." *Van Steensburg* v. *Lawrence & Memorial Hospitals,* 194 Conn. 500, 507, 481 A.2d 750 (1984).

Reviewing the jury charge in is entirety, we are satisfied that it "fairly presented the case so that no injustice was done." See *Van Steensburg* v. *Lawrence & Memorial Hospitals,* 194 Conn. 500, 507, 481 A.2d 750 (1984). The trial court instructed the jury to consider all of the evidence presented: that the plaintiff had to prove his case by clear and convincing evidence, that he could not prevail against the statute of limitations defense unless it found that the defendant had fraudulently concealed the existence of the forged documents, and that the plaintiff instituted his action within the period of time provided for by the applicable statute of limitations.[2] Reviewing the trial court's charge to the jury, in its entirety, we are satisfied that it was not erroneous and therefore the doctrine of plain error is inapplicable.

The defendant next contends that the trial court erred in denying her motions to set aside the verdict and for judgment notwithstanding the verdict because the second mutual distribution agreement which was filed in the Hartford Probate Court and was a matter of public record, could not have been fraudulently concealed as a matter of law.

Constructive knowledge, arising from the contents of public records, is not for all purposes, the equivalent of actual knowledge. *Loverin* v. *Kuhne,* 94 Conn. 219, 225, 108 A. 554 (1919). In *Loverin,* the defendant husband agreed to convey title to real property to the plaintiff therein. The defendant husband represented to the plaintiff that he owned the property and that his wife (the alternate defendant) possessed no interest therein. Relying upon this representation, the plaintiff paid the agreed upon consideration to the defendant

---

[2] The plaintiff's action, which is based upon tort, is governed by General Statutes § 52-577 which states that "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

husband. Title to the property was, in fact, jointly held by both defendants. The defendant wife refused to convey her one half interest in the property unless she was paid an additional consideration. Both defendants contended that the plaintiff's subsequent action for fraud could not be sustained because the plaintiff had constructive knowledge of the status of the title since it was a public record. Noting that the plaintiff was seeking only damages occasioned by fraud, and was not attempting to establish title to the land, the court in *Loverin* rejected the defendants' claim and stated that "[t]he doctrine of constructive notice does not apply to serve as a shield of protection from accountability for one who makes false representations to another's damage." Id., 226.

Although the defendant, in this case, did not expressly make any false representations to the plaintiff, the reasoning of the *Loverin* court, regarding the applicability of the doctrine of constructive knowledge, is equally pertinent here because the plaintiff was entitled to rely upon the defendant's status as his fiduciary. As the administratrix of the estate herein, the defendant had a fiduciary relationship with the plaintiff by which she owed to him a duty of fair dealing and equity with respect to transactions of mutual concern. *Satti* v. *Rago,* 186 Conn. 360, 367, 441 A.2d 615 (1982). Her role as such was to protect the estate for the benefit of all with an interest therein. *Kleinman* v. *Marshall,* 192 Conn. 479, 483, 472 A.2d 772 (1984). In her capacity as a fiduciary, the defendant had a duty to disclose to the plaintiff the existence of a mutual distribution agreement and deeds that would affect his interest in the estate.

The plaintiff, as an heir, was entitled to rely upon the defendant's duties to safeguard his interest in the estate and deal fairly in transactions of mutual concern. He had no reason or obligation to examine public rec-

ords. To accept the defendant's argument would impose upon an heir the unreasonable burden of constantly having to monitor public records for any document that might affect his interest. Consequently, under these circumstances, the doctrine of constructive notice is inapplicable and the mutual distribution was capable of being fraudulently concealed.

The defendant's final contention is that the trial court erred in denying her posttrial motions because the evidence was insufficient to support the verdict. Our review of the trial court's refusal to set aside the verdict or render judgment notwithstanding the verdict is limited. "We must consider the evidence, including reasonable inferences which may be drawn therefrom, in the light most favorable to the parties who were successful at trial; *Bleich* v. *Ortiz,* 196 Conn. 498, 501, 493 A.2d 236 (1985); giving particular weight to the 'concurrence of the judgments of the judge and the jury, who saw the witnesses and heard the testimony . . . . ' " *Bound Brook Assn.* v. *Norwalk,* 198 Conn. 660, 667, 504 A.2d 1047, cert. denied, 479 U.S. 819, 107 S. Ct. 81, 93 L. Ed. 2d 36 (1986), quoting *Chanosky* v. *City Building Supply Co.,* 152 Conn. 642, 643, 211 A.2d 141 (1965). The defendant can prevail on this claim only if we find that the jury could not reasonably and legally have reached its conclusion. *Bound Brook Assn.* v. *Norwalk,* supra.

The party alleging fraud bears the burden of proving it with " ' "clear, precise, and unequivocal" ' " evidence. Id., 666; *J. Frederick Scholes Agency* v. *Mitchell,* 191 Conn. 353, 358, 464 A.2d 795 (1983). The evidence can be direct or circumstantial. *Zapolsky* v. *Sacks,* 191 Conn. 194, 200, 464 A.2d 30 (1983); *Puro* v. *Henry,* 188 Conn. 301, 310, 449 A.2d 176 (1982). Proof by circumstantial evidence is sufficient where rational minds could reasonably and logically draw the necessary inferences. *Puro* v. *Henry,* supra. "Each inferential fact

need not be proven by the quantum of proof required to find the ultimate fact. If the jury could reasonably have reached the conclusion that the cumulative effect of the facts [it] found proven established the fraudulent concealment that would be sufficient." Id.

In this matter, the defendant's challenge of the evidence focuses primarily upon the contradictory evidence that was presented at trial and the claim that the plaintiff's testimony was not believable. Such an argument challenges witness credibility, not sufficiency of the evidence. The jury is the final arbiter of credibility; see id., 311; and it was free to believe the testimony given by the plaintiff and disbelieve the defendant's testimony. See, e.g., *State* v. *Dudla,* 190 Conn. 1, 7, 458 A.2d 682 (1983); *State* v. *Festo,* 181 Conn. 254, 260–61, 435 A.2d 38 (1980). Viewing the evidence in a light most favorable to the plaintiff, we cannot say, as a matter of law, that the plaintiff failed to meet his heightened burden of proving that the defendant fraudulently deprived him of his share of the decedent's estate. There is no error on the defendant's appeal.

The plaintiff in his cross appeal, contends that the trial court erred in denying his motion for double damages pursuant to General Statutes § 52-565.[3] He claims that he had alleged and proved the facts necessary to recover such damages. We disagree.

In order for a plaintiff to recover statutory damages, "[w]e require that the complaint shall clearly state such facts as will bring the case within the statute. . . . And we require that the claim for relief shall be specifically based upon the statutory remedy. . . . We also require the proof to indicate that the verdict was necessarily

[3] "[General Statutes] Sec. 52-565. DOUBLE DAMAGES FOR FORGERY. Any person who falsely makes, alters, forges or counterfeits any document, or knowingly utters, as true, any document falsely made, altered, forged or counterfeited, shall pay double damages to any party injured thereby."

found upon a violation of the statute authorizing the extraordinary damages. . . . And we have held that it must clearly appear that the jury found for the plaintiff under the statutory cause of action authorizing these extraordinary damages, and not for any other alleged cause of action." *Tillinghast* v. *Leppert,* 93 Conn. 247, 249–50, 105 A. 615 (1919); *DeMilo* v. *West Haven,* 189 Conn. 671, 675–76, 458 A.2d 362 (1983); cf. *Leone* v. *Knighton,* 196 Conn. 494, 496, 493 A.2d 887 (1985).

General Statutes § 52-565 states that "[a]ny person who falsely makes, alters, forges or counterfeits any document, or knowingly utters, as true, any document falsely made, altered, forged or counterfeited, shall pay double damages to any party injured thereby." Thus, in order to recover damages under § 52-565, the plaintiff must have proved that the defendant either had forged the challenged documents or had knowingly uttered, as true, the forged documents.

The plaintiff did not allege that the defendant had forged the documents, nor does he make that claim on appeal. Rather, he contends that the defendant "knowingly utter[ed]" the forged documents "as true," thereby entitling him to the statutory damages. The trial court in its memorandum of decision on the plaintiff's motion for double damages, however, determined that the plaintiff had failed to set forth facts sufficient to warrant double damages. Additionally, the court found that the jury, in rendering a general verdict for the plaintiff, did not clearly determine liability under § 52-565 which would have required double damages. We agree with the court.

The plaintiff, in his complaint, did not only claim that the defendant knew the documents had been forged when she uttered them, he also alleged that the defendant *should have known* that the documents had been forged. Moreover, there is nothing before us to indi-

cate that the jury concluded that the defendant *"know-ingly* utter[ed], as true," the forged documents. Although interrogatories were submitted to the jury to determine whether the documents had been forged,[4] there apparently were no interrogatories submitted to determine whether the defendant had forged the documents or whether she had knowingly uttered them as true. The jury may well have rested its verdict upon the defendant's constructive knowledge of the forged documents, not on her actual knowledge of the forgeries. Therefore, because it does not "clearly appear that the jury found for the plaintiff under the statutory cause of action authorizing these extraordinary damages"; *Tillinghast* v. *Leppert,* supra, 250; we conclude that the trial court did not err in denying the plaintiff's motion for double damages pursuant to § 52-565.

There is no error.

In this opinion the other justices concurred.

---

[4] Interrogatories were submitted to the jury as follows:

"Did the plaintiff, Albert Aksomitas, sign the following documents:

1. Application for Administration, dated August 8, 1966, Plaintiff's Exhibit A?
 Yes
 No    X
2. [Quitclaim] Deed dated February 3, 1967, Plaintiff's Exhibit I?
 Yes
 No    X
3. [Quitclaim] deed dated May 25, 1968, Plaintiff's Exhibit J?
 Yes
 No    X
4. Reaffirmation dated May 25, 1968, attached to and part of Plaintiff's Exhibit J?
 Yes
 No    X
5. Mutual Distribution dated August 16, 1968, Plaintiff's Exhibit F?
 Yes
 No    X

Signed:
Denise Marie Landry
August 5, 1985                    Foreperson"
The "X" denotes the jury's response.