[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S OBJECTION TO THE REPORT OF THE REFEREE
This case is a subrogation action by the Aetna Casualty and Surety Company ("Aetna") for the alleged theft by the defendant of aluminum bars from Aetna's insured. A fact finding trial was held before an attorney trial referee on March 26 and 27, 1991, and a report was filed with the court on April 4, 1991. On April 9, 1991, the defendant filed a motion to correct findings of the referee, and on April 15 plaintiff filed an objection to the motion, On May 3, 1991, the trial referee granted in part and denied in part defendants motion. On May 21, 1991, the defendant filed his objection to the acceptance of the referee's report. In support of his motion the defendant argues that the facts found by the attorney trial referee do not support the finding that 47 aluminum bars were taken by the defendant.
The findings of the referee may be summarized as follows: About 100 aluminum bars were stored behind the Pine W Machine Co. After a long weekend, Easter, 1987, it was observed that 50 bars had disappeared. Around Memorial Day weekend, 1987 and on May 26, 1987, a man was seen loading stock I into a 1983 or 1984 Buick Skylark. On May 18, 1987, some employees of plaintiff's insured failed to intercept the same type of car, carrying two men, with some of the bars visible. The car's plates were traced to the defendant's wife with whom he lived. Later, on May 28, 1987, the defendant signed a statement admitting the thefts on May 26 and 28, and pleaded guilty to and was convicted of larceny in the fifth degree. On November 2, 1987, plaintiff Aetna paid its insured $14,000.00 for the loss, and took a release and subrogation receipt.
From these facts, the attorney trial referee concluded that the defendant stole 47 bars from the plaintiff's insured. CT Page 10809
In his memorandum, the attorney trial referee supported his conclusion that the defendant stole 47 bars as follows: As of Easter weekend 1987 there were 50 bars on the insured's premises. The plaintiff made a prima facie showing connecting defendant to the Memorial Day thefts, since he was apprehended shortly thereafter in the same type of car used in the Memorial Day thefts. After the defendant was apprehended, he confessed to stealing bars on May 26 and May 28, 1987. After the defendant was apprehended, there were only three bars. The defendant conducted a vigorous defense and was available to testify, but did not testify on how own behalf. The trial referee made a "Secondino"[1] inference that defendant's testimony would be adverse, and concluded that while there was no evidence to connect defendant with the 50 bars that were stolen before Easter, 1987, there was sufficient evidence to connect defendant with the 47 bars that were stolen between Memorial Day and May 28, 1987.
According to P.B. section 441, objections to the acceptance of referee's report must be filed within two weeks from the ruling of the decision on a motion to correct. P.B. section 441. In the instant case, the decision on the motion to correct was filed on May 3, 1991; the defendant's objection to the acceptance of the referee's report was filed on May 21, 1991.[2]
The time limit for filing an objection is variable, and the objection can be acted upon if it is not timely challenged. Rowan Construction Corp. v. Hassane, 213 Conn. 337,567 A.2d 1210 (1990). Since there is no express time period for challenging an objection, raising the issue at the hearing on the objection is sufficient.[3]
A party may object to the acceptance of a report on the ground that conclusions of facts stated in the report were not properly reached on the basis of facts found, that the committee erred in rulings on evidence on other rulings, of, or that there are other reasons why the report should not be accepted. P.B. section 440; Seal Audio Inc. v. Bozak, Inc., 199 Conn. 496,502-03, 508 A.2d 415 (1986). The defendant claims that the conclusions of fact reached by the trial referee were not supported by the findings of fact. The referee supported his decision by relying on the circumstantial evidence, on the defendant's failure to testify favorably on his own behalf, and on the inferences drawn therefrom.
There is no legal distinction between direct and circumstantial evidence so far as probative force is concerned. State v. Little, 194 Conn. 665, 673, 485 A.2d 913 (1984). It is CT Page 10810 within the province of the trier of fact to draw reasonable inferences from the facts proven, but it may not resort to speculation and conjecture; any inferences drawn must be rational and founded upon the evidence. Id. A finder of fact may base an inference on facts it finds as a result of other inferences. Id.; State v. Liscio, 9 Conn. App. 121, 125, 516 A.2d 1366
(1987). Proof by circumstantial evidence is supported where rational minds could reasonably and logically draw the necessary inferences. Aksomitas v. Aksomitas, 205 Conn. 93, 100-01,529 A.2d 1314 (1987). It is sufficient that the finder of fact could reasonably have reached the conclusion based on the cumulative effect of the facts found. Id.
The referee relied at least in part on the defendant's refusal to testify on his own behalf, making the inferences that the failure of a party to produce a witness within his power to produce and who would naturally be produced by him permits the inference that the evidence would be unfavorable. State v. Shakasty, 205 Conn. 39, 43, 529 A.2d 1305 cert. denied484 U.S. 1027 (1987). The drawing of an adverse inference does not violate the Fifth Amendment rights of parties to civil actions when they refuse to testify in response to probative evidence offered against them. Olin Corp. v. Castells, 180 Conn. 49,53, 428 A.2d 319 (1980).
The attorney trial referee's conclusion that the defendant stole 47 aluminum bars from plaintiff's insured is supported by the findings of fact. The findings of fact indicate that there were 50 bars remaining on the premises on or about Easter weekend 1987, that a person driving a car with a description matching defendant's was seen taking bars around Memorial Day weekend 1987, and that the defendant was apprehended shortly thereafter and confessed to stealing some of the bars. The fact finder found that the defendant could have testified to explain away some of the circumstantial evidence against him, but he chose not to, thus permitting the inference that his testimony would have been adverse. The circumstantial evidence and inferences which can be drawn therefrom establish, by a fair preponderance of the evidence, that the defendant was involved in a number of thefts; from this it is also reasonable and logical to conclude that defendant was involved in the intervening thefts. The objection is, accordingly, overruled.
By the court;
CHARLES D. GILL JUDGE, SUPERIOR COURT.