[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This action arises out of an accident that occurred on May 30, 1990, when a bicycle operated by Sabrina Teele [the minor plaintiff] collided with an automobile operated by John White. On June 23, 1992, the plaintiff, Robert Teele, P.P.A, and the minor plaintiff filed a two-count complaint listing as defendants White and Lucille Mancini [the defendant].
In count one of their complaint, the plaintiffs allege that White is liable for the injuries sustained by the minor plaintiff, because White's negligent and careless operation of his automobile was a direct and proximate cause of the minor plaintiff's injuries. In count two of their complaint, the plaintiffs allege that the defendant is liable for the injuries sustained by the minor plaintiff, because the defendant's negligent and careless action in allowing vehicles to be parked upon her land, in a manner that obstructed the view at the intersection where the collision occurred, was a direct and proximate cause of the minor plaintiff's injuries.
On June 8, 1994, the defendant filed a motion for summary judgment as to count two of the plaintiffs' complaint, on the ground that no genuine issue of material fact exists regarding said count and that she is entitled to judgment as a matter of law, because she did not breach any duty owed to the minor plaintiff. In support thereof, the defendant filed a memorandum of law; a copy of the plaintiffs' complaint; and an is affidavit, dated May 19, 1994. In response, the plaintiffs filed a memorandum of law in opposition; an affidavit of the minor plaintiff, dated June 7, 1994; a copy of the police accident report, dated May 30, 1990; a copy of a voluntary statement given to the Southington Police Department by Peter Pettie on May 30, 1990; a copy of a voluntary statement given to the Southington Police Department by White on May 30, 1990; and a copy of a hand-drawn map depicting the scene of the accident, dated May 30, 1990. CT Page 8844
"Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Scinto v. Stamm, 224 Conn. 524,530, 620 A.2d 99, cert. denied, ___ U.S. ___, 114 S.Ct. 176,126 L.Ed.2d 136 (1993). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031
(1988).
"A material fact is simply a fact which will make a difference in the result of the case." Genco v. ConnecticutLight Power, 7 Conn. App. 164, 167, 508 A.2d 58 (1986). In determining whether any genuine issue of material fact exists, the evidence is viewed in the light most favorable to the nonmoving party. Connell v. Colwell, 214 Conn. 242, 246-47,571 A.2d 116 (1990). "The test is whether [the moving party] would be entitled to a directed verdict on the same facts."Plourde v. King, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 354282 (December 6, 1993, Hennessey, J.), citing Batick v. Seymour, 186 Conn. 632,647, 443 A.2d 471 (1982).
Summary judgment "is especially ill-adapted to negligence cases, where . . . the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation." Pine Point Corp. v. Westport Bank Trust Co., 164 Conn. 54, 56, 316 A.2d 765 (1972). "Issues of negligence are ordinarily not susceptible of summary adjudication" and should instead "be resolved by trial in the ordinary manner," because "the conclusion of negligence is necessarily one of fact." Spencer v. Good Earth RestaurantCorp., 164 Conn. 194, 198-99, 319 A.2d 403 (1972). "[A] conclusion of negligence is one of fact" where "the law itself furnishe[s] no certain, specific, sufficient standard of conduct, and, of necessity, leaves the trier to determine, both what the conduct is, and whether it comes up to the standard, as such standard exists in the mind of the trier." (Citations omitted; internal quotation marks omitted.)Cappiello v. Haselman, 154 Conn. 490, 495, 227 A.2d 79 (1967).
"Recovery of damages in negligence requires proof by a CT Page 8845 fair preponderance of the evidence that the actor owed a duty of care to the victim, which was breached by the actor's failure to meet the standard of care arising therefrom and that the breach was the proximate cause of actual harm suffered by the victim" (Citations omitted.) Coburn v.Lenox Homes, Inc., 186 Conn. 370, 372, 441 A.2d 620 (1982). See also Shore v. Stonington, 187 Conn. 147, 151,444 A.2d 1379 (1982) (negligence is a breach of a duty owed to another). Thus, in a negligence action, "[i]t is important to distinguish between the existence of a duty and the violation of that duty." Shore v. Stonington, supra, 187 Conn. 151.
"The existence of a duty of care, an essential element of negligence, is a matter of law for the court to decide."Burns v. Board of Education, 228 Conn. 640, 646, 638 A.2d 1
(1994), citing Shore v. Stonington, supra, 187 Conn. 151;Coburn v. Lenox Homes, Inc., supra, 186 Conn. 375. "A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." (Citations omitted; internal quotation marks omitted.) Burns v. Board of Education, supra,228 Conn. 646. "If the court determines, as a matter of law, that a defendant owes no duty to a plaintiff a verdict should be directed because [i]t is merely reaching more speedily and directly a result which would inevitably be reached in the end." (Citations omitted; internal quotation marks omitted.)Petriello v. Kalman, 215 Conn. 377, 383, 576 A.2d 474 (1990).
 It has long been a general rule in Connecticut that "[a]n owner of property abutting on a highway is required to use reasonable care to keep his premises in such condition as not to endanger travelers in their lawful use of the highway. Sawicki v. Connecticut Ry. Lighting Co., 129 Conn. 626, 631, 30 A.2d 556 (1943); Ruocco v. United Advertising Corp., 98 Conn. 241, 247, 119 A. 48 (1922)."
Maggiore v. Courcey, Superior Court, judicial district of New Haven, Docket No. 278319 (August 2, 1991, Clark, J.), quotingPrzwgocki v. Wikris, 130 Conn. 419, 422, 34 A.2d 879 (1943). See also Doe v. Manheimer, 2 CSCR 578, 578 (April 30, 1987, Tamborra, J.); Salomone v. Boulanger, 32 Conn. Sup. 115, 118
CT Page 8846 (Super.Ct. 1975). In the present case, the defendant concedes that, because she is the owner of real property which abuts the road where the collision occurred, she has a duty to maintain her premises in such a condition so as not to endanger travelers in their use of the road. The defendant argues, however, that she is nonetheless entitled to summary judgment, because, under the facts of the present case, she "could not have breached" [as a matter of law] "any duty owed to the [minor] plaintiff."
Whether a particular duty owed has been breached is a question of fact. See Shore v. Stonington, supra,187 Conn. 151-52. Additionally, whether a particular breach of a duty owed was the proximate cause of the plaintiff's injuries is also a question of fact. See Coburn v. Lenox Homes, Inc., supra, 186 Conn. 384; Ferndale Dairy, Inc. v. Geiger,167 Conn. 533, 538, 356 A.2d 91 (1975). Once a duty of care is found by the court to exist, it is the "trier of fact" who must "determine whether [a] defendant violated that duty in the particular situation at hand." Shore v. Stonington, supra, 187 Conn. 151-52.
The defendant argues that she is entitled to summary judgment because: 1.) it is undisputed that all four cars on her property were legally parked within the confines of her driveway at the time of the collision; 2.) there is no statute, ordinance or regulation which regulates the number of cars that can be parked on her driveway; 3.) she was never told, at any time prior to the date of the accident, that cars parked on her driveway obstructed the vision of drivers or bike riders travelling on Stuart Drive or South Plains Road; 4.) while travelling on Stuart Drive and South Plains Road, herself, she never found her own vision obstructed by cars parked on her driveway; and 5.) she has no knowledge of any other accidents occurring at the intersection of Stuart Drive and South Plains Road prior to May 30, 1990.
The defendant's motion for summary judgment improperly attempts to persuade the court as to the factual question of whether the defendant breached the duty she admittedly owed to the minor plaintiff. Genuine issues of material fact exist regarding the issue of whether the defendant's duty to maintain her premises in a reasonable manner, so as to prevent injury to users of the roadway, has been breached. Accordingly, the defendant's motion for summary judgment is CT Page 8847 denied.
Mary R. Hennessey, Judge