[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The plaintiff has brought this action against the defendants seeking damages for injuries sustained when the named defendant allegedly backed her automobile into one operated by the plaintiff. The plaintiff now seeks summary judgment as to liability only, alleging that there exists no genuine issue of material fact as to that aspect of his claim. In support of his claim that liability is not in dispute, the plaintiff has appended a police report indicating that Heather Dolan admitted that she backed into the plaintiff's vehicle. In their answer, the defendants deny this and the other material allegations of the plaintiff's complaint, and they also assert the special defense that the plaintiff was negligent.
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Conn. Practice Book § 384; Suarez v. Dickmont Plastics Corp. , 229 Conn. 99, 105,639 A.2d 507 (1994); Telesco v. Telesco, 187 Conn. 715,447 A.2d 752 (1982); Yanow v. Teal Industries, Inc., 178 Conn. 262,422 A.2d 311 (1979). A "material" fact is one which will make a difference in the outcome of the case. Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431,362 A.2d 857 (1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowling v. Kielak, 160 Conn. 14, 273 A.2d 716 (1970); CT Page 7207Dorazio v. M.B. Foster Electronic Co., 157 Conn. 226, 253 A.2d 22
(1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 780-81, 595 A.2d 334 (1980).
Once the moving party has submitted evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8,11-12; Farrell v. Farrell, 182 Conn. 34, 38 (1980); RuscoIndustries, Inc. v. Hartford Housing Authority, 168 Conn. 1, 5
(1975). It is not enough for the opposing party merely to assert the existence of such a disputed issue. "Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § 380." Bartha v.Waterbury House Wrecking Co., supra, 190 Conn. at 12. "The movant has the burden of showing the nonexistence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist." Kasowitzv. Mutual Construction Co., 154 Conn. 607, 613 (1967), quotingBoyce v. Merchants Fire Ins. Co., 204 F. Sup. 311, 314 (D. Conn. 1962); Burns v. Hartford Hospital, 192 Conn. 451, 455 (1984).
The party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denial but must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106, S.Ct. 2505, 2514, 91 L.Ed.2d 202, 217 (1986), cited in Salomonv. Krusiewicz, 14 CLT 456 p. 31, 3 CSCR 84a (Super.Ct., New Britain, 10/6/88).
Assuming, arguendo, that Heather Dolan's admission to the investigating police officer that she backed into the plaintiff's vehicle is sufficient, in the absence of any affidavits to the contrary, and in conjunction with the plaintiff's own affidavit to the same effect, to establish beyond dispute that the accident was the Dolan's fault, there remains the question of whether, even if she caused the accident, the defendant caused the plaintiff's injuries. In that regard, the defendants have submitted the affidavit of Bruce F. McNally, of Northeast Collision Analysis Inc., whom the defendants have also disclosed as one of their expert witnesses. According to McNally's affidavit, he is an accredited accident reconstructionist who has CT Page 7208 worked for several years in that occupation and who has experience as an expert witness. The essence of his affidavit is that the impact as alleged by the plaintiff was incapable of producing the injuries which he claims to have sustained. Based on this affidavit, the defendants object to summary judgment on the grounds that there is a material dispute as to whether any negligence on the part of the defendants, even if established, could have been the proximate cause of the plaintiff's injury. It is further the contention of the defendants that the issue of causation is inextricably intertwined with the issue of liability and that the plaintiff is therefore not entitled to a judgment as to liability as a matter of law.
To prevail on a negligence claim, a plaintiff must establish that the defendant's conduct "legally caused" the injuries. Wu v.Fairfield, 204 Conn. 435, 438, (1987); Heart v. Waterbury YMCA,187 Conn. 1, 4, (1982); W. Prosser W. Keeton, Torts (5th Ed.) 41, p. 263. As our Supreme Court observed in Kowal v. Hofher,181 Conn. 355, 359, (1980), "[l]egal cause is a hybrid construct, the result of balancing philosophic, pragmatic and moral approaches to causation." The first component of "legal cause" is causation in fact." "`Causation in fact' is the purest legal application of . . . legal cause. The test for cause in fact is, simply, would the injury have occurred were it not for the actor's conduct." Id.
The second component of "legal cause" is proximate cause, which the Supreme Court has defined as "`[a]n actual cause that is a substantial factor in the resulting harm. . . .' Coburn v.Lenox Homes, Inc., 186 Conn. 370, 383, (1982)." Boehm v. Kish,201 Conn. 385, 391, (1986).
The "test" of proximate cause is whether the defendant's conduct is a "substantial factor" in producing the plaintiff's injury. Wu v. Fairfield, supra, 438; Boehm v. Kish, supra; see also Ferndale Dairy, Inc. v. Geiger, 167 Conn. 533, 538,356 A.2d 91 (1975) (defining "substantial factor" as one which "must have continued down to the moment of the damage or, at least, down to the setting in motion of the final active injurious force which immediately produced or preceded the damage"). That negligent conduct is a "cause in fact," however, obviously does not mean that it is also a "substantial factor" for the purposes of a proximate cause inquiry. The "substantial factor" test reflects the inquiry fundamental to all proximate cause questions, "`whether the harm which occurred was of the same general nature CT Page 7209 as the foreseeable risk created by the defendant's negligence.'Merhi v. Becker, 164 Conn. 516, 521, (1973))". Coburn v. LenoxHomes Inc., supra, 384. In applying this test, we look "`from the injury to the negligent act complained of for the necessary causal connection. Collins v. City National Bank Trust Co.,131 Conn. 167, 171, 38 A.2d 582 [1944].'" Peterson v. Oxford,189 Conn. 740, 749, 459 A.2d 100 (1983).
Thus, proximate cause is an essential element of the negligence action and must be determined in the plaintiff's favor in order to establish liability. See Doe v. Manheimer, 212 Conn. 748
(1989). Proximate cause is not, as the plaintiff claims, a part of the issue of damages. Damages may not be determined until and unless the plaintiff has established that the defendant not only caused the incident which allegedly resulted in the plaintiff's injuries, but also that the injuries claimed by the plaintiff were caused by the defendant. It is the latter issue which is rendered still in dispute by the defendant's expert's affidavit.
Based on the foregoing, the motion for summary judgment is denied.
Jonathan E. Silbert, Judge