[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE VERDICT (#137)
 FACTS AND PROCEDURAL HISTORY
The plaintiff, James Levandoski, is a police officer for the town East Lyme. On May 15, 1996, at approximately 11:00 p.m., the plaintiff was dispatched to a residence on Hillwood Drive in Niantic, in response to a complaint of a noisy gathering. The plaintiff testified, and the jury could have found, that upon arrival while investigating the disturbance, he saw the defendant, Douglas Cone, attempting to conceal a plastic baggie, which contained what the officer believed to be marijuana, in his pants. The plaintiff shined a flashlight on the defendant and asked the defendant to remove the baggies from his pants so that the plaintiff could determine what substance was in the baggies. Instead of honoring the officer's request, the defendant ran. The plaintiff proceeded to chase the defendant behind the dwelling and into the woods. During the pursuit, the defendant led the plaintiff over a section of the property which contained a steep decline which was not seen by the plaintiff. As a result of the sudden change in the topography, the plaintiff fell and suffered severe injury to his leg and hip.
On February 4, 2000, during the first trial, the jury indicated that it could not return a unanimous verdict and the court declared a mistrial. On February 14, 2000, the defendant filed a motion for a judgment in accordance with its motion for a directed verdict. On July 11, 2000, the court, Corradino, J., denied the defendant's motion.
During the second trial, the defendant renewed his motion for a directed verdict. The court reserved judgment on the motion. On March 1, 2001, after trial to a jury, a verdict was returned for the plaintiff. CT Page 12043 The plaintiff received $82,535 in economic damages and $65,000 in noneconomic damages. On March 1, 2001, the court accepted and recorded this verdict. On March 8, 2001, pursuant to Practice Book §§ 16-35[1]
and 16-37,[2] the defendant moved to set aside the verdict and for judgment notwithstanding the verdict. On May 14, 2001, a hearing was held on the motion.
 DISCUSSION
Practice Book § 16-37 "provides for a motion for judgment notwithstanding the verdict in accordance with [the party's] motion for a directed verdict." (Internal quotation marks omitted.) Salaman v.Waterbury, 246 Conn. 298, 309, 717 A.2d 161 (1998). "[A] motion [for judgment notwithstanding the verdict] should be granted if the evidence establishes, as a matter of law, that the party who had obtained the verdict could not and was not entitled to prevail. Gesualdi v.Connecticut Co., 131 Conn. 622, 627, 41 A.2d 771 (1945); Yeske v. AvonOld Farms School, Inc., 1 Conn. App. 195, 206, 470 A.2d 705 (1984). When considering the motion, the evidence [including reasonable inferences] must be given the most favorable construction in support of the verdict as is reasonably possible. Aksomitas v. Aksomitas, 205 Conn. 93, 100,529 A.2d 1314 (1987). When a verdict is challenged because of a lack of sufficient evidence, the issue raised is whether the trier of fact could reasonably have concluded, upon facts established and inferences permissibly drawn from them, that the cumulative effect of the evidence warranted the ultimate finding made. Coelho v. Posi-Seal International,Inc., 208 Conn. 106, 112-13, 544 A.2d 170 (1988); Jonap v. Silver,1 Conn. App. 550, 559, 474 A.2d 800 (1984)." (Brackets omitted.) (Internal quotation marks omitted.) Lee v. Axiom Laboratories, Inc.,
Superior Court, judicial district of Hartford, Docket No. 584562 (January 24, 2001, Peck J.); Craine v. Trinity College, Superior Court, judicial district of Hartford, Docket No. 555013 (December 27, 1999, Peck J.);Foley v. The Huntington Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 246145 (March 18, 1994, Fuller, J.);
see also Hi-Ho Tower, Inc. v. Com-Tronics, Inc., 255 Conn. 20, 32,761 A.2d 1268 (2000) ("The verdict will be set aside and judgment directed only if . . . the jury could not reasonably and legally have reached their conclusion.")
The defendant moves to set aside the jury's verdict, pursuant to Practice Book § 16-37, and ask the court to direct a verdict in its favor on three grounds. First, the defendant moves to set aside the verdict because the plaintiff testified to facts which support the application of the firefighter's rule and the application of said rule would bar the plaintiff's recovery. Second, the defendant moves to set aside the jury's verdict on the ground the court failed to instruct the CT Page 12044 jury on the application of the firefighter's rule. Lastly, the defendant moves to set aside the jury's verdict on the ground the plaintiff failed to submit sufficient evidence which would allow the jury to determine that the defendant's actions, in running from the plaintiff, proximately caused the plaintiff's injuries.
In Roberts v. Rosenblatt, 146 Conn. 110, 148 A.2d 142 (1959), the Supreme Court adopted the firefighter's rule and held that the defendants, private property owners, owed the plaintiff a firefighter, "no greater duty than that due a licensee" because the plaintiff was injured on private property while lawfully present in the exercise of his official duties. Id., 113. In Furstein v. Hill, 218 Conn. 610, 616,590 A.2d 939 (1991), the court extended the firefighter's rule to police officers as well as to firefighters. The court noted that "[t]he most compelling argument for the continuing validity of the rule is the recognition that firefighters and police officers often enter property at unforeseeable times and may enter unusual parts of the premises under emergency circumstances." Id.
Our Supreme Court has not had occasion to rule on whether the firefighter's rule should be extended to prevent public officer's from recovering in "non-premises liability cases." Levandoski v. Cone,
Superior Court, judicial district of New London, Docket No. 542714 (July 11, 2000, Corradino, J). Assuming that our Supreme Court would extend the firefighter's rule to cover non-premises liability cases, it is likely that our Supreme Court would, as many other jurisdictions have, adopt the subsequent negligence exception to the firefighter's rule. Id. The subsequent negligence exception provides that a plaintiff is not barred from recovering for injuries he suffers when "a defendant engages in negligent acts after the fireperson or police officer arrives at the scene." Id.
The defendant moves to set aside the verdict on the ground the plaintiff testified to facts at trial which required the application of the firefighter's rule and bar his recovery. Specifically, the defendant argues that because the plaintiff testified that he was aware that he was likely to confront individuals who might run or attempt to flee from him while investigating the noisy disturbance at the residence and because the plaintiff testified that he felt that it was his job to chase the defendant, the plaintiff was injured in the course of his official duties and his recovery is barred by the firefighter's rule.
This court believes that the firefighter's rule should be extended to non-premises liability cases. This court also believes that the Supreme Court will recognize the subsequent negligence exception to the firefighter's rule. At trial the jury heard testimony from which it could CT Page 12045 have reasonably found that the defendant acted negligently, after the plaintiff had arrived at the residence in response to a noise disturbance, by running from the plaintiff and the plaintiff suffered injury when he fell after encountering a steep embankment while in pursuit of the defendant. This is sufficient to satisfy the subsequent negligence exception to the firefighter's rule. The defendant's motion to set aside the verdict because the testimony established that a verdict for the plaintiff was barred by firefighter's rule is, therefore, denied.
The defendant also moves to set aside the verdict on the ground the court failed to instruct the jury on the firefighter's rule. On March 1, 2001, the defendant requested an instruction based on the application of the firefighter's rule. This request preserved his right to appeal the instructions pursuant to Practice Book § 16-20.[3] As the plaintiff sought to recover based on a theory that the defendant was negligent in running from the plaintiff and, as this court has already determined, if proven this negligence was sufficient to come within the subsequent negligence exception to the firefighter's rule, there was no need to charge the jury about the application of the firefighter's rule. The defendant's motion to set aside the verdict on the ground the court failed to charge the verdict on the firefighter's rule is, therefore, denied.
Lastly, the defendant moves to set aside the verdict on the ground the plaintiff did not submit sufficient evidence to support the jury's determination that the defendant proximately caused the plaintiff's injury. The Supreme Court has defined proximate cause as "[a]n actual cause that is a substantial factor in the resulting harm." Boehm v.Kish, 201 Conn. 385, 391, 517 A.2d 624 (1986). The test of proximate cause is whether the defendant's conduct is a "substantial factor" in producing the plaintiffs injury. Wu v. Fairfield, 204 Conn. 435, 438,528 A.2d 364 (1987); see also Ferndale Dairy, Inc. v. Geiger,167 Conn. 533, 538, 356 A.2d 91 (1975) (defining "substantial factor" as one which "must have continued down to the moment of the damage or, at least, down to the setting in motion of the final active injurious force which immediately produced or preceded the damage.") The "substantial factor" test reflects the inquiry fundamental to all proximate cause questions, "whether the harm which occurred was of the same general nature as the foreseeable risk created by the defendant's negligence." (Internal quotation marks omitted.) Coburn v. Lenox Homes, Inc.,186 Conn. 370, 384, 441 A.2d 620 (1982). In applying this test, we look "from the injury to the negligent act complained of for the necessary causal connection." Peterson v. Oxford, 189 Conn. 740, 749, 459 A.2d 100
(1983). CT Page 12046
The jury could have reasonably determined that the defendant's flight from the plaintiff, a police officer, lead to the plaintiff's injury because it was foreseeable that the plaintiff would pursue the defendant and encounter any hazards existing on the property. Therefore, the jury could have found that the defendant's actions which led the plaintiff to chase the defendant proximately caused the plaintiff's injuries. As a result, the defendant's motion to set aside the verdict and for a judgment notwithstanding the verdict on these grounds is hereby denied.
 CONCLUSION
Based on the foregoing reasons, the defendant's motion to set aside the verdict is hereby denied.
Robaina, J.