[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
The plaintiff Earline Bethea, conservatrix of the estate of Thelma Turner, brings this action against the defendant Maynard Olmstead, claiming that the defendant procured a deed to Ms. Turner's real estate through fraud and undue influence. Bethea sues in her capacity as conservatrix for her ward Thelma Turner, seeking reconveyance of the real estate and seeking damages. There are two co-plaintiffs — Earline Bethea in her individual capacity, and Edward Turner — who seek the same relief, alleging that they are each stepchildren of and a lawful "heir" to Thelma Turner (although it appears that Ms. Turner is still alive, so she can have no lawful heirs as yet).
The defendant moves to strike the seventh, eighth, and ninth count of the complaint for failure to properly allege a cause of action. The plaintiff opposes the motion to strike. For the purpose of a motion to strike, the moving party admits all well pleaded facts in the pleading to which the motion is addressed. RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994); see also Ferryman v.Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989); and the court must construe the facts in that pleading most favorably to the non-movant.Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997).
THE FACTUAL ALLEGATIONS
All three of the counts in dispute allege the following underlying facts:
Thelma Turner, an elderly lady, was the lawful owner of real property at 351 Andrews Road in Wolcott, CT. On February 20, 2001, a quitclaim deed bearing the signature of Ms. Turner was recorded in the office of the Town Clerk in Wolcott, transferring the property to Maynard Olmstead in consideration for the sum of $1.00.
The complaint alleges that at the time of the execution of the deed, CT Page 12249 Ms. Turner was incompetent and incapable of managing her affairs and that she suffered from dementia and confusion. The complaint alleges that Ms. Turner lacked the intent to make such a transfer to the defendant, but that the defendant manipulated her and exercised undue influence to procure her signature on the deed. The complaint alleges that the defendant obtained title to the property by "deceit, collusion and fraud." ¶ 14.
THE SEVENTH COUNT — FORGERY
In the Seventh Count, the plaintiff alleges that Ms. Turner "was not capable of signing said deed and she did not agree to a gift or transfer of any kind to the Defendant yet [he] represented that the quit claim deed was a valid transfer to the world." ¶ 11. In Paragraph 14 of the Seventh Count, the plaintiff alleges that this constitutes a violation of Conn. Gen. Stat. § 52-565, permitting the recovery of double damages. The statute provides:
 Any person who falsely makes, alters, forges or counterfeits any document, or knowingly utters, as true, any document falsely made, altered, forged or counterfeited, shall pay double damages to any party injured thereby.
Conn. Gen. Stat. § 53a-137 (4) defines the circumstances under which a document can be said to be "falsely made":
 A person "falsely makes" a written instrument when he makes or draws a complete written instrument in its entirety, or an incomplete written instrument, which purports to be an authentic creation of its ostensible maker or drawer, but which is not such either because the ostensible maker or drawer is fictitious or because, if real, he did not authorize the making or drawing thereof.
There is no allegation in the complaint that the defendant created a signature purporting to be that of Ms. Turner on the deed. Thus the part of the statute that prohibits one from making or drawing "a complete written instrument in its entirety" does not apply.
The remaining part of the statute defines a false making as "an incomplete written instrument, which purports to be an authentic creation of its ostensible maker or drawer, but which is not such . . . because the ostensible maker or drawer . . . did not authorize the making or CT Page 12250 drawing thereof." The plaintiff has not crafted any allegation in this Count that fits within this definition. Rather the allegation is that the defendant obtained Ms. Turner's signature on a deed by telling her that if she deeded the property to him he would somehow protect her interests, when such was not the case.
The plaintiff has failed to cite any case that brings this set of facts within the definition of forgery. Rather the appellate cases he cites are inapposite. Aksomitas v. Aksomitas, 205 Conn. 93, 529 A.2d 1314 (1987) (signature on document not actually that of plaintiff); Treglia v.Zanesky, 67 Conn. App. 447, 788 A.2d 1263 (2001), cert. denied,259 Conn. 926, 793 A.2d 252 (2002) (signature on document was not that of the plaintiff).
Black's Law Dictionary (6th Ed. 1990) defines forgery as "[t]he false making or the material altering of a document with the intent to defraud." Without some non-conclusory allegation in the complaint that explains how the document might have been falsely made or altered, the plaintiff has simply failed to intelligibly allege a cause of action under Conn. Gen. Stat. § 52-565.
Nor is it necessary for the court to search for or reconstruct the words used in the complaint to extract concreteness from ambiguity in defining the cause of action. "A fundamental tenet in our law is that the plaintiff's complaint defines the dimensions of the issues to be litigated. The right of a plaintiff to recover is limited to the allegations of [the] complaint . . . The purpose of the complaint is to limit the issues to be decided at the trial of a case and is calculated to prevent surprise. . . ." Treglia v. Zanesky, 67 Conn. App. 447,457-58, 788 A.2d 1263 (2001). Without a reasonably precise statement of how a "forgery" occurred here, the plaintiff's complaint is deficient and fails to state a claim in the Seventh Count.
THE EIGHTH COUNT — FRAUD
In the Eighth Count, in addition to the allegations about the physical and psychological condition of Ms. Turner, the plaintiff alleges the following:
 ¶ 11. The Defendant told the ward Thelma Turner that her children had abandoned her and her home, that they would not help her in her old age with her physical, social and medical needs, but he would care for her if she transferred her home and property to him.
CT Page 12251
Moreover, the plaintiff alleges (in Count Eight and Count Nine, but curiously not in Count Seven) that Ms. Turner "was unaware that she had transferred to the Defendant title to her property nor did she have any intention to do so." ¶ 22.
The elements of fraud are that "(1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to [her] injury." Billington v. Billington, 220 Conn. 212, 217, 595 A.2d 1377
(1991); Killduff v. Adams, Inc., 219 Conn. 314, 329, 593 A.2d 478
(1991); Maturo v. Gerard, 196 Conn. 584, 587, 494 A.2d 1199 (1985).
Here the plaintiff alleges that the defendant made statements to Ms. Turner that her children had abandoned her, that he was in a position to and would manage her affairs for her, and that she needed to sign the deed to him in order for him to properly do so, all statements that the plaintiff alleges were untrue. The plaintiff further alleges that the defendant made the statements to induce Ms. Turner to turn over the property to him, which occurred when Turner signed the deed. ¶ 12, 13.
The Eighth Count properly alleges a cause of action for common law fraud.
THE NINTH COUNT
In the Ninth Count, the plaintiff restates the allegations in Count Eight and further alleges that these facts constitute a violation of Conn. Gen. Stat. § 52-564. ¶ 23. Conn. Gen. Stat. § 52-564
states that "[a]ny person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages."
"Statutory theft under § 52-564 is synonymous with larceny under General Statutes § 53a-119." Suarez-Negrete v. Trotta,47 Conn. App. 517, 520, 705 A.2d 215 (1998) (citations and internal quotation marks omitted). Pursuant to § 53a-119, "[a] person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner."
Conn. Gen. Stat. § 53a-118 (a)(1) defines "property" to include "real property." Conn. Gen. Stat. § 53a-119 (2) and (3) define larceny to include obtaining property by false pretense or by false promise, so CT Page 12252 long as the perpetrator acts with the requisite "intent to defraud" or "pursuant to a scheme to defraud" the rightful owner.
The plaintiff has alleged facts sufficient to come within these statutory definitions. The Ninth Count properly alleges a cause of action for statutory theft under Conn. Gen. Stat. § 52-564.
CONCLUSION
The Motion to Strike the Seventh Count, including the corresponding prayer for relief (¶ 6) for double damages, is granted. The Motion to Strike the Eighth and the Ninth Counts, including the corresponding prayer for relief (¶ 7), is denied.
Patty Jenkins Pittman, Judge CT Page 12253