PAMELA BARONE SPEED, EXECUTRIX (ESTATE OF MILDRED F. BARONE) *v.* ANTHONY F. DeLIBERO ET AL.
(6906)

SPALLONE, O'CONNELL and LAVERY, Js.

Argued September 18—decision released October 23, 1990

*Christopher D. Bernard,* with whom, on the brief was *Richard A. Fuchs,* for the appellant (plaintiff).

*Arnold J. Bai,* with whom, on the brief, was *Garie J. Mulcahey,* for the appellees (defendants).

SPALLONE, J. This appeal is before us on remand from our Supreme Court.

The plaintiff is the executrix of the estate of the decedent, Mildred Barone. She brought this action against the defendants, Anthony DeLibero, a physician, and Anthony DeLibero, M.D., P.C., alleging that DeLibero negligently administered general anesthesia to the plaintiff's decedent during an outpatient medical procedure, thereby causing her death. After a jury trial, a verdict was returned in favor of the defendants. The plaintiff appealed to this court, claiming that the trial court (1) unfairly and inaccurately summarized the evidence in its charge to the jury, (2) improperly denied the defendants' motion for mistrial, in which the plain-

tiff had joined, and the plaintiff's motion in arrest of judgment, both of which were based on jury misconduct, and (3) gave a supplemental charge to the jury that was erroneous and prejudicial to the plaintiff. We concluded that the trial court improperly denied the motion for a mistrial and the motion in arrest of judgment and deemed it unnecessary to consider the plaintiff's other claims. We then remanded the case for a new trial. *Speed* v. *DeLibero,* 19 Conn. App. 95, 561 A.2d 959 (1989).

The Supreme Court certified the question of whether the jury's action constituted misconduct. The Supreme Court concluded that there was no juror misconduct and reversed our decision, remanding the case for our consideration of the remaining issues. *Speed* v. *DeLibero,* 215 Conn. 308, 316, 575 A.2d 1021 (1990). We conclude that the trial court's supplemental instructions to the jury were erroneous and prejudicial to the plaintiff. Because this issue is dispositive we do not reach the plaintiff's other claims.

The following facts are relevant to this appeal. On September 10, 1982, Mildred Barone, age 62, entered the Short Stay Center at St. Vincent's Hospital in Bridgeport to undergo an elective, nonsurgical, outpatient procedure that was performed under general anesthesia. While under general anesthesia administered by DeLibero, Barone was deprived of oxygen for long enough to have suffered extensive, irreversible brain damage. She died eleven days later without regaining consciousness. The executrix of Barone's estate subsequently brought suit to recover damages for medical malpractice alleging that the decedent's "severe and painful injuries and death were caused by the failure of the defendants herein to exercise that degree of care and skill ordinarily and customarily used by anesthesiologists under all the circumstances then and there present in that they . . . (b) failed to ade-

quately, and properly observe and monitor the plaintiff's decedent by use of a cardiac monitor and/or blood pressure cuff and/or a precordial stethoscope and general eyeball observation during anesthesia."

In its supplemental charge, the trial court instructed the jury that they must accept that DeLibero used a cardiac monitor and blood pressure cuff during the procedure.[1] DeLibero testified to this effect and his testimony was uncontradicted. It must be noted, however, that the jury has no obligation to accept the defendant's testimony as fact and that the court may not direct the jury to find facts and thereby invade the province of the jury.

A litigant has a constitutional right in appropriate cases to have issues of fact decided by a jury. *Bambus* v. *Bridgeport Gas Co.,* 148 Conn. 167, 169, 169 A.2d 265 (1961); *Shea* v. *Paczowski,* 11 Conn. App. 232, 234, 526 A.2d 558 (1987). The jury determines the credibility of the witness and the effect to be given testimony; *Gallo* v. *Gallo,* 184 Conn. 36, 38, 440 A.2d 782 (1981); *State* v. *Grant,* 177 Conn. 140, 142, 411 A.2d 917 (1979); and it determines the weight to be given the evidence. *Angelica* v. *Fernandes,* 174 Conn. 534, 535, 391 A.2d 167 (1978). It is the jury's right, and duty, to consider evidence, draw logical deductions and make reasonable inferences. *State* v. *Schoenbneelt,* 171 Conn. 119, 126, 368 A.2d 117 (1976); *Dacey* v. *Connecticut Bar Assn.,* 170 Conn. 520, 540, 368 A.2d 125 (1976). It may accept or reject the testimony of any witness. *Zarembski* v. *Three Lakes Park, Inc.,* 177 Conn. 603, 608, 419 A.2d 339 (1979).

---

[1] The following charge was given: "I charge you that you may not find that Dr. DeLibero did not use any of the instruments listed, except for a precordial stethoscope. Put another way you must accept that Dr. DeLibero did use a cardiac monitor and a blood pressure cuff in the course of his treatment."

Paragraph 6 (b), as an allegation of malpractice, could sustain a plaintiff's verdict if accepted by a jury. That DeLibero, as a defendant, had a high degree of interest in the outcome of this case is obvious. The jury should have been allowed to consider his demeanor, credibility, and veracity, and to determine the appropriate weight, if any, to be given his testimony. The intrusion by the trial court in this area was unwarranted and usurped the factfinding function of the jury. The instruction that the jury must accept that DeLibero used a cardiac monitor and blood pressure cuff during the procedure denied the jury its factfinding function. The jury should have had the option to reject this testimony. The supplemental charge by the trial court denied the litigants their "constitutional right to have issues of fact decided by the jury and not by the court." (Citations omitted.) *Adroline* v. *Keegan,* 140 Conn. 552, 555, 102 A.2d 352 (1954).

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.