STATE OF CONNECTICUT *v.* ROBERT COOLEY
(9295)

SPALLONE, O'CONNELL and NORCOTT, Js.

Argued February 15—decision released April 23, 1991

*Roger J. Frechette,* with whom was *Matthew E. Frechette,* for the appellant (defendant).

*Mary H. Lesser,* assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attorney, and *John O'Reilly,* assistant state's attorney, for the appellee (state).

SPALLONE, J. The defendant appeals from his conviction, rendered after a jury trial, of the crimes of criminal trespass in the second degree in violation of General Statutes § 53a-108, and interfering with an officer in violation of General Statutes § 53a-167a (a).

On appeal, the defendant's underlying claim is that the evidence introduced was insufficient, as a matter of law, to support his conviction. We affirm the judgment of the trial court.

The jury could reasonably have found the following facts. The defendant, along with scores of others, staged a demonstration in West Hartford at the Summit Women's Center, a medical facility in which abortions are performed. The defendant entered the facility with many others although he had no privilege or license to do so. He was found and arrested in an examination room in the facility.

Our review of an insufficiency of the evidence claim is limited not only by our own statutory and constitutional role, but also by the parties' constitutional right to have a jury decide issues of fact. *Bambus* v. *Bridgeport Gas Co.*, 148 Conn. 167, 169, 169 A.2d 265 (1961); *Shea* v. *Paczowski,* 11 Conn. App. 232, 234, 526 A.2d 558 (1987). When an insufficiency claim is made, this court undertakes a limited two part inquiry. We first examine all of the evidence presented at trial, construing it in the light most favorable to upholding the jury's verdict. *State* v. *Mazzetta,* 21 Conn. App. 431, 574 A.2d 806, cert. denied, 216 Conn. 807, 588 A.2d 64 (1990). We then determine whether, " ' "upon the facts thus established and the inferences reasonably drawn therefrom, the jury could reasonably have concluded that the cumulative effect of the evidence established guilt beyond a reasonable doubt." ' " *State* v. *Plourde,* 208 Conn. 455, 458, 545 A.2d 1071 (1988), cert. denied, 488 U.S. 1034, 109 S. Ct. 847, 102 L. Ed. 2d 979 (1989).

It is the jury's right and duty to consider the evidence presented at trial and to draw reasonable inferences from that evidence. *State* v. *Schoenbneelt,* 171 Conn. 119, 126, 368 A.2d 117 (1976); *Speed* v. *DeLibero,* 23 Conn. App. 437, 440, 580 A.2d 1242 (1990). The jury

may accept or reject the testimony of any witness; *Zarembski* v. *Three Lakes Park, Inc.*, 177 Conn. 603, 608, 419 A.2d 339 (1979); and determines the weight to be given the evidence. *Angelica* v. *Fernandes*, 174 Conn. 534, 535, 391 A.2d 167 (1978).

Our review of the record, transcripts and briefs in the light most favorable to upholding the jury's verdict reveals that there was sufficient evidence presented by the state to support the guilty verdict as rendered by the jury. From that evidence, and the reasonable inferences drawn therefrom, the jury could have reasonably concluded as it did. Thus, the defendant's claim of insufficient evidence fails.

The judgment is affirmed.

In this opinion the other judges concurred.