[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
Plaintiff brought this action to recover damages for injuries she sustained while skiing at defendant's ski area. She alleges that her injuries were the result of defendant's negligent operation of the ski CT Page 5808 area in seven specified ways, including its failure adequately to separate trails for those using snowboards from those used by alpine skiers and allowing the separate snowboard and alpine trails to merge into a common trail. Defendant denied the allegations of negligence and asserted Conn. Gen. Stat. 29-212 as a special defense. Defendant has now moved for summary judgment on the ground that there is no genuine issue of material fact remaining for trial.
Conn. Gen. Stat. 29-212 provides:
 Each skier shall assume the risk of legal responsibility for any injury to his person . . . arising out of the hazards inherent in the sport of skiing, unless the injury was proximately caused by the negligent operation of the ski area by the ski operator, his agent, servants or employees. Such hazards include but are not limited to . . . collisions with any other person while skiing.
In support of its motion, defendant submitted affidavits and portions of plaintiff's deposition. In opposition, plaintiff submitted her own affidavit. There is no dispute that the collision occurred in an area known as Exhibition. There is also no dispute that this area was a common area at the bottom of the mountain into which a number of trails merged, including those used by snowboards Ms. Mihail relied on the trail map provided by defendant and was aware that the trail she had chosen merged with trails used by those on snowboards before they all merged at the bottom of the slope. At her deposition, Ms. Mihail testified that she expected some sort of barrier between those using snowboards and alpine skiers but saw no such barriers separating those trails after they merged and paid no attention to the merges.
Plaintiff relies on the contentions in her complaint that her injuries were proximately caused by defendant's operation of the ski area in failing to separate snowboarders from skiers and in allowing both to merge at the bottom of the mountain. Plaintiff has, however, not identified in her pleadings or by way of affidavit or otherwise the source of such a duty to separate such persons nor has she identified pursuant to Conn. Prac. Bk. 220(D) the name of an expert witness who will testify regarding the standard of care in the industry, a subject beyond the ken of finders of fact. Once the moving party, as here, has presented evidence in support of its motion for summary judgment, it is not enough for the opposing party merely to assert that a disputed issue exists. Daily v. New Britain Machine Co., 200 Conn. 562, 568-9 (1986). One opposing summary judgment "must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Practice Book 380,381; Burns CT Page 5809 v. Hartford Hospital [192 Conn. 451, 455 (1984)]." Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317 (1984).
While it is true that, in general, summary judgment is ill-suited to resolve issues of negligence, Fogarty v. Rashaw, 193 Conn. 442, 446
(1984), the plaintiff here has failed to establish a factual predicate beyond the bare allegations of the complaint for the existence of a duty on the part of operators of ski areas to separate skiers from snowboarders. Absent such a duty, the failure to accomplish such separation is not actionable. Cf. Multi-Service Contractors, Inc. v. Vernon, 193 Conn. 446, 452 (1984).
"As a rule, expert testimony is required `when the question involved goes beyond the field of the ordinary knowledge and experience of judges or jurors.'. . . Latham Associates, Inc. v. William Raveis Real Estate, Inc., 218 Conn. 297, 301 (1991) (citations omitted). See also State v. Hasan, 205 Conn. 485, 488 (1987). While Conn. Gen. Stat. 29-211 assigns certain obligations to the operator of ski areas, plaintiff has not predicated her cause of action on the breach of any such obligation by defendant. Standards within the ski industry regarding separation of those using skiboards and those using skis are not within the knowledge and experience of judges or jurors. Without such evidence before it the trier of fact would be forced to engage in conjecture or guessing. Bombero v. Marchionne, 11 Conn. App. 485, 489 (1987). While the trier need not accept the opinion of any proferred expert, Speed v. DeLibero,23 Conn. App. 437, 440-441 (1990), the issue here is whether there can be said to be a genuine issue of material fact without, at least, an affidavit of such a person in opposition to defendant's claim. Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 402 n. 3 (1987). Absent such an issue of fact, the defendant's special defense of assumption of the risk of injury arising out of collisions with others while skiing, Conn. Gen. Stat. 29-212 prevails. There is no genuine issue of material fact that plaintiff's injuries arose out of a collision with a person on a skiboard while skiing. Defendant is entitled to summary judgment on its special defense.
SUSCO, J.