STATE OF CONNECTICUT *v.* FREDERICK D. KNIGHT, JR.
(AC 14679)

Foti, Hennessy and Kulawiz, Js.

Submitted on briefs June 4—officially released August 25, 1998

Kloss, a real estate appraiser, the trial court could use the cost of repairs as the appropriate measure of damages.

*Avery S. Chapman* filed a brief for the appellant (defendant).

*Eugene Callahan*, state's attorney, *John A. East III*, assistant state's attorney, and *Robert Katz*, senior assistant state's attorney, filed a brief for the appellee (state).

*Opinion*

HENNESSY, J. The defendant, Frederick D. Knight, Jr., appeals from the judgment of conviction, rendered after a jury trial, of one count of the sale of narcotics in violation of General Statutes § 21a-277 (a), one count of the sale of narcotics within 1500 feet of a school in violation of General Statutes § 21a-278a (b), one count of possession of narcotics in violation of General Statutes § 21a-279 (a), and one count of possession of narcotics within 1500 feet of a school by a person who is not a student in violation of § 21a-279 (d). Following the verdict on the charges, the defendant pleaded guilty to being a persistent drug offender as charged in part B of the substitute information. The defendant was sentenced to a total effective term of seven years, three years mandatory minimum. On appeal, the defendant claims that the trial court improperly denied his midtrial motion for judgment of acquittal. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On September 1, 1993, two members of a police surveillance team stationed in the area of South Main and Monroe streets in Norwalk observed the defendant in an alley on Monroe Street. One of the officers, Arthur Wisegerber, with the aid of high-powered binoculars, observed the defendant hand a man, later identified as

Fred Robinson, a clear plastic bag that contained a small white object, approximately the size of a fingernail. Wisegerber observed Robinson give the defendant a quantity of paper currency in return. The entire transaction took approximately twenty seconds during which time Wisegerber had a clear view of the alley.

As he left the alley, Robinson was followed by members of the surveillance team and placed under arrest. Upon searching Robinson, the officers discovered a clear plastic bag that contained cocaine. Approximately thirty minutes after Robinson's arrest, the defendant returned to his car and drove toward the intersection of West Avenue and Martin Luther King Drive. As he approached the intersection, police officers stopped him and placed him under arrest. The defendant was taken to the Norwalk police station where both he and Robinson were identified by Wisegerber as the persons he had observed in the alley earlier that day.

At trial, the defendant testified that he did not sell drugs to Robinson, although he admitted selling drugs in the past. Likewise, Robinson testified that the defendant did not sell him the drugs found on his person, but that he purchased the narcotics from an anonymous "Spanish kid" whom he refused to identify. The jury returned a guilty verdict on all four counts.

On appeal, the defendant claims that the trial court should have exercised its discretion pursuant to General Statutes § 54-56[1] and dismissed the information when he moved for judgment of acquittal at the close

[1] General Statutes § 54-56 provides: "All courts having jurisdiction of criminal cases shall at all times have jurisdiction and control over informations and criminal cases pending therein and may, at any time, upon motion by the defendant, dismiss any information and order such defendant discharged if, in the opinion of the court, there is not sufficient evidence or cause to justify the bringing or continuing of such information or the placing of the person accused therein on trial."

of the state's case. In support, the defendant argues that the trial court improperly concluded that the evidence presented by the state, specifically the testimony of Wisegerber, was legally sufficient to support a conviction.[2] We disagree.

"This court's review of claims relating to the sufficiency of the evidence to sustain a criminal conviction is governed by a well established standard of law. Whether we review the findings of a trial court or the verdict of a jury, our underlying task is the same. . . . We first review the evidence presented at trial, construing it in the light most favorable to sustaining the facts expressly found by the trial court or impliedly found by the jury. We then decide whether, upon the facts thus established and the inferences reasonably drawn therefrom, the trial court or the jury could reasonably have concluded that the cumulative effect of the evidence established the defendant's guilt beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Joyner*, 225 Conn. 450, 455, 625 A.2d 791 (1993).

In this appeal, the defendant's challenge of the evidence focuses primarily on the claim that the officer's testimony was not believable. "Such an argument challenges witness credibility, not sufficiency of the evidence. The jury is the final arbiter of credibility . . . and it [is] free to believe the testimony given by the [witness] and disbelieve the defendant's testimony. See, e.g., *State* v. *Dudla*, 190 Conn. 1, 7, 458 A.2d 682 (1983); *State* v. *Festo*, 181 Conn. 254, 260–61, 435 A.2d 38 (1980)." *Aksomitas* v. *Aksomitas*, 205 Conn. 93, 101, 529 A.2d 1314 (1987). Specifically, the defendant relies on the following portions of Wisegerber's testimony: first, that the officer admitted that there was some obstruction of his view; second, that the defendant was

---

[2] We note that the defendant does not point to the specific element or elements of the crimes charged on which the state failed to present evidence.

not in his view the entire time; and third, that he could not see the complete alleyway.

"[W]e give deference not to the hypothesis of innocence posed by the defendant, but to the evidence and the reasonable inferences drawn therefrom that support the jury's determination of guilt." *State* v. *Dukes*, 46 Conn. App. 684, 690, 700 A.2d 119 (1997). Therefore, the dispositive issue on appeal is whether the evidence presented during the state's case-in-chief is sufficient to sustain the conviction. Our inquiry is guided by the well established principle that "[t]he trier of fact may accept or reject the testimony of any witness. *State* v. *Cooley*, 24 Conn. App. 489 [490–91], 589 A.2d 377, cert. denied, 219 Conn. 905, 593 A.2d 131 (1991). The trier can, as well, decide what—all, none, or some—of a witness' testimony to accept or reject. 5 Connecticut Practice, D. Borden & L. Orland, Criminal Jury Instructions (1986) § 3.2." *State* v. *Martin*, 38 Conn. App. 731, 744, 663 A.2d 1078 (1995), cert. denied, 237 Conn. 921, 676 A.2d 1376 (1996).

At trial, the officer testified that he observed a hand-to-hand exchange between the defendant and Robinson. Additional testimony showed that Robinson was in possession of cocaine immediately following this exchange. In denying the defendant's motion, the trial court properly determined that there was sufficient evidence from which a trier of fact reasonably could conclude beyond a reasonable doubt that the defendant committed the crimes charged.

The judgment is affirmed.

In this opinion the other judges concurred.