STATE OF CONNECTICUT *v.* MILAN CAIS
(AC 19468)

Landau, Spear and Freedman, Js.

Argued April 24—officially released August 1, 2000

*Richard C. Marquette*, special deputy public defender, for the appellant (defendant).

*Joy K. Fausey*, deputy assistant state's attorney, with whom, on the brief, were *John T. Redway*, state's attorney, and *John Cashmon*, assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Milan Cais, appeals from the judgment of conviction, rendered after a trial to the court, of interfering with an officer in violation of General Statutes § 53a-167a.[1] The defendant claims that the evidence was insufficient to prove beyond a reasonable doubt that he had the requisite intent to interfere with a police officer. We affirm the judgment of the trial court.

On July 16, 1998, state police Trooper Michael Gignac "red-tagged"[2] a van in East Haddam at the Connecticut Fish Ladder Roadway. On July 16, 1998, East Haddam Constable Richard Patchell went to the Fish Ladder Roadway at Gignac's request to check on certain criminal mischief that had been observed in the area and to determine whether the van was still parked there. Patchell found the van with the red tag partially ripped away and informed Gignac. Patchell then called for a tow truck to remove the van.

---

[1] General Statutes § 53a-167a (a) provides: "A person is guilty of interfering with an officer when he obstructs, resists, hinders or endangers any peace officer or fireman in the performance of his duties."

[2] "Red-tagging" means placing a red sticker on an apparently abandoned vehicle. The tag contains a notice warning the owner that the vehicle will be towed unless it is removed within twenty-four hours.

While waiting for the tow truck, Patchell saw the defendant approach the van from a wooded area. A conversation ensued between Patchell and the defendant in which Patchell told the defendant that he must move the van if it was, in fact, his. The defendant then left.

While Patchell was completing the paperwork for the towing of an abandoned vehicle, he looked up and saw the van moving away. Patchell stopped the van after it had gone about ten or fifteen feet and went to the driver's side window. At that time, several employees of the department of environmental protection arrived in a state vehicle. The defendant became agitated at the approach of the state vehicle and began rolling up the window while Patchell's arm was still inside. The defendant then moved the van while Patchell's arm was pinned by the window. Patchell sprayed the defendant with capstun, a form of Mace, causing the defendant to leave his vehicle and run away. Patchell caught up to the defendant and tackled him, but the defendant was able to get away by lunging his body up and down and kicking at Patchell. Patchell again tackled the defendant and eventually handcuffed him.

The defendant claims that the evidence was insufficient to support his conviction because the court should have believed his version of the events rather than the state's three witnesses. The defendant's testimony was that his actions were involuntary as a result of the pain he experienced from the capstun spray and not intentional interference with Patchell. The defendant testified that he tried to flee because he thought that Patchell was "out of control."

We employ a two part standard in reviewing sufficiency of the evidence claims. First, we examine the evidence in the light most favorable to upholding the conclusion of the fact finder. Second, we determine whether the trier of fact reasonably could have found

the defendant guilty beyond a reasonable doubt on the basis of the evidence and the reasonable inferences therefrom. *State* v. *DeCaro*, 252 Conn. 229, 239, 745 A.2d 800 (2000). The defendant asks us to modify this standard by factoring in our assessment of the credibility of the witnesses. We decline the invitation because such a modification is beyond our power, as it is contrary to Supreme Court precedent. See *State* v. *Bailey*, 56 Conn. App. 760, 762, 746 A.2d 194 (2000). It also would fly in the face of the axiomatic legal principle that the credibility of witnesses is a matter for the trier of fact. See, e.g., *State* v. *Osborn*, 41 Conn. App. 287, 291, 676 A.2d 399 (1996) (exclusive province of trier of fact to determine credibility of witnesses).

We also reject the defendant's claim that the evidence is insufficient when reviewed pursuant to the traditional two part test. We disagree with the defendant's claim that the only conclusion that the court could have drawn from the evidence is that his actions were completely involuntary and that they were caused by Patchell's spraying him with the capstun. We note that even before the capstun was used, the defendant had rolled up the window on Patchell's arm while trying to retrieve the vehicle's registration and other documents in the van. The defendant, with Patchell's arm pinned by the window, moved the van. We conclude that the evidence was sufficient to convict the defendant of interfering with an officer.

The judgment is affirmed.