[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner Frederick D. Knight brings this petition for a writ of Habeas Corpus. The trial of his conviction was the subject of an appeal by the petitioner. See State v. Knight, 50 Conn. App. 109 (1998). The petitioner was charged with four violations of statutes, to wit: Sale of narcotics, Connecticut General Statutes § 21a-277(a); Sale of narcotics within 1500 feet of a school Connecticut General Statutes § 21a-278a(b); possession of narcotics, Connecticut General Statutes § 21a-279(a); and possession of narcotics within 1500 feet of a school by a person who is not a student, Connecticut General Statutes § 21a-279(d). The petitioner was found guilty of each of these charged offenses, and the Appellate Court affirmed the convictions. CT Page 13932
At the trial the eyewitness testifying as to the alleged transaction was officer Arthur Wisegerber of the Norwalk Police Department. He testified that he saw the transaction take place with the aid of high powered binoculars. He testified that he had a clear view of the alley in which the transaction took place. The defendant questioned, at the trial level and at the Appellate level, whether that testimony was sufficient for conviction because he claims there was some obstruction to the officer's view, and that the defendant was not in the officer's view the entire time, and that the officer could not see the entire alleyway. The Appellate Court determined that there was sufficient evidence for the jury to determine that Officer Wisegerber actually observed the transaction. Hence the Appellate Court affirmed the conviction.
The testimony of Officer Wisegerber appears in the transcript of January 4, 1995, pages 17 through 127.
There is no transcript of the proceedings of the following day, January 5, 1995. The court reporter's tapes for that day are missing and, despite diligent effort, the tape (s) for that day cannot be located, and therefore were not transcribed by the reporter into a transcript.
Appellate counsel had moved the Appellate Court, by filing a Motion for Rectification, for an order pursuant to Practice Book § 4051, now Practice Book § 66-5. That section provides, in pertinent part: "If any party request it and it is deemed necessary by the trial court, the trial court shall hold a hearing at which arguments may be heard, evidence taken or a stipulation of counsel received and approved. The trial court may make such corrections or additions as are necessary for the proper presentation of the issues raised or for the preparer of questions reserved. The trial judge shall file the decision on the motion with the appellate clerk."
A "Stipulation Re: Rectification" was prepared by Attorney Williams, who represented the defendant at trial, and by Attorney Katz representing the state at trial, and was signed by the trial judge, and was filed with the Appellate Court on May 2, 1997. The stipulation is a eight page articulation of the testimony of Doctor J. Thomas Turner, Doctor Richard Pinder, Peter Goldner, Officer Charles Perez, Carlos Cotto, Fred Robinson and Carmen D. Vasquez. The stipulation contains both examination and cross examination of all of these persons, and the redirect examination of the witnesses who were so re-examined.
There is no indication in the stipulation that Officer Wisegerber gave any further testimony after January 4, 1995, which is covered by a complete transcript. There is nothing in the stipulation to indicate that Officer Wisegerber recanted his testimony in any conversations with CT Page 13933 witnesses, or at trial or in any other fashion. No evidence produced by the parties at this habeas trial indicate in any fashion that Officer Wisegerber recanted his in-court testimony of January 4, 1995. The petitioner testified at length in this habeas hearing. He did not testify that anyone indicated that Officer Wisegerber recanted his testimony.
 I Petitioner's claim of a right to be present.
The petitioner claims that by not conducting an evidentiary hearing, as allowed by Practice Book § 66-5, he has been deprived of liberty without due process of law. The petitioner claims that failure of his trial counsel to object to the reconstruction of the transcript without the presence of the petitioner, and failure to inquire of the petitioner as to the contents of a proposed reconstructed transcript, constitutes ineffective assistance of counsel.
The reconstruction of the testimony of the second day of trial resulted from the Motion for Rectification filed with the Appellate Court by the appellate counsel for the petitioner, Mr. Chapman. The reconstruction took place through the entering into of a stipulation as to what was the testimony of the seven witnesses who testified on the second day of trial, February 5, 1997. The reconstruction took place by use of the memory of, and particularly the trial notes of both Attorney Williams, who represented the petitioner at trial and Attorney Katz who represented the state at trial. They also had the pleadings, exhibits and clerk's notes. The stipulation was submitted to the trial court judge, who signed and approved the stipulation. The judge testified at this habeas proceeding that he did not participate in the drawing up of the stipulation, and did not have written notes of the trial to refer to, but that the contents of the stipulation did comport with and agree with his recollection of the testimony.
Practice Book § 66-5 provides that . . . "If any party requests it and it is deemed necessary by the trial court, the trial court shall hold a hearing at which arguments may be heard, evidence taken, or a stipulation of counsel received and approved." The stipulation procedure was authorized by counsel and approved by the trial court. Had the court determined that an evidentiary hearing was necessary, it would have so ordered. The procedure here employed conforms to § 66-5 of the Practice Book.
The Connecticut Supreme Court on several occasions has determined that the fourteenth amendment does not create a per se rule requiring a hearing. "We conclude that no protection afforded by the due process CT Page 13934 clause of the fourteenth amendment may fairly be characterized as creating a per se rule requiring a hearing before a transcript rectification is ordered." State v. Lopez, 235 Conn. 487, 497 (1995). "The absence of a portion of the trial transcript does not mandate a new trial. A new trial is required only if `the proceedings cannot be sufficiently reconstructed to allow effective appellate review of claims raised by the defendant.'" State v. Williams, 227 Conn. 101, 105 (1993). To the extent that the failure to hold an evidentiary hearing may be questioned "every reasonable presumption in favor of the trial court's discretionary ruling will be made." State v. Nguyen, 253 Conn. 639, 654
(2000).
 II The failure to invite the petitioner to attend the rectification proceedings.
The petitioner claims that he was not invited to, or was precluded from, participating in the rectification proceedings. This court finds, from the testimony, that the petitioner was not invited to participate in a hearing conference between the attorneys, or at a proceeding at which the stipulation was drawn up, or when it was submitted to court. The court finds, however, that prior to the drawing of the stipulation, the trial counsel discussed with the defendant what he was going to submit as to counsel's recollection of what had transpired on that trial day. Defense counsel recalls going over his trial notes with the petitioner before the stipulation was drawn up and that he reviewed the stipulation with him after he was done. There is no evidence that the stipulation does not agree with the defense attorney's trial notes.
The defendant claims that he told counsel that he wished to be at the rectification conference, but that his counsel told him that the trial judge told counsel that the petitioner could not attend. The trial judge, at this habeas hearing, denies this, as does petitioner's trial counsel. The court finds that the petitioner was not told that he couldnot be at the conference or that he was told that the trial judge ruled, or took the position, that the petitioner could not be at the conference.
Although, the petitioner was not invited to attend the conference by his counsel, he did not express to counsel an interest in attending or participating in the reconstruction conference. This is understandable, as his counsel had extensive notes of the events of the trial which were adequate to properly reconstruct the record.
 III
CT Page 13935 Constitutional provisions concerning the right to be present.
The sixth amendment to the United States Constitution, and Article 1, Section 8 of the Connecticut Constitution provide an accused with the right of confrontation. Generally, questions concerning the confrontation clauses pertain to circumstance which occur during the course of a trial. In the instant case there is no claim that the petitioner was deprived of such rights during the course of the trial. To the contrary the jury had the full benefit of all the evidence produced by both sides during the trial, including a read-back, after deliberations commenced, of some of the trial testimony. Hence it cannot be argued that the missing transcript affected the jury's decision as to the guilt of the petitioner in the case.
The petitioner does not claim that he was deprived of the right to confront witnesses against him at the underlying trial. In confrontation claims the United States Supreme Court has determined that "the justice or injustice of that exclusion must be determined in light of the whole record." Inzeler v. Massachusetts, 291 U.S. 97, 115 (1934). Further, the failure of the defendant to be at a hearing does not become an issue where "respondents could have done nothing had they been at the conference, nor would they have gained anything by attending." UnitedStates v. Gagnon, 470 U.S. 522, 527 (1985).
 IV Petitioner's factual claims.
The petitioner appears to argue, in the post-trial brief filed by court order October 18, 2000 in this habeas proceeding, that there was no evidence that the transaction took place within 1500 feet of the school. The stipulation contained the testimony of Peter Goldner, an engineer from the City of Norwalk who at the request of the state measured the respective distances. He used a measuring wheel, verified for accuracy by a metal tape, and he testified that the distance between the corner of the school building to a spot in the sidewalk in front of the Green Lantern Bar was 1,071 feet, and that extending the measurement to the alley which runs along the eastern side of the bar, comes to 1,079 feet.
A review of the testimony of Officer Wisegerber who actually saw the transaction take place in the alley, reveals that he testified that the transaction took place "approximately fifteen feet in the alley." (Transcript 1/4/95, p. 54). Simple arithmetic available to the jury would cause the transaction to take place 1094 feet from the school measured along the streets (1079 to the alley plus 15 = 1094). The officer further CT Page 13936 testified that the entire alley was twenty to thirty feet in length. (Transcript 1/4/95 p. 74). Adding those figures (20 to 30 feet) to 1079 would produce a maximum length from the school to the transaction of 1099 or 1109 feet, no matter where in the alley the transaction took place. Since the alley is only "about three feet, four feet in width" (Wisegerber, transcript 1/4/95, p. 77) the width is of no significance to the measurements. On the basis of this evidence the jury could conclude that the transaction was clearly within 1500 feet of the school. The petitioner's trial counsel, Attorney Williams, further testified at this habeas hearing that he himself was familiar with the area, having walked it himself, and that it was clearly within 1500 feet.
The petitioner's counsel moved for judgment of acquittal at the trial. The motion did not seek judgment of acquittal on the basis of failure to prove the "within 1500 feet" distance. The attorney for the state, in his summary to the jury, specifically referred to Goldner's testimony as follows: "And in between is that alleyway and he said the distance to that alleyway is between 1, 071 feet and 1,079 feet, obviously within 1500 feet of the Columbus Magnate School." (Transcript 1/10/95 p. 6). Neither the defendant's attorney nor the trial judge made any comment about that prosecutor's statement in summarizing to the jury. It should be abundantly clear that, these measurements being the critical element of two of the criminal charges, (the 1500 foot charges) defense counsel, and probably the trial judge, would have been duty bound to immediately cause a correction of such a representation if there was not evidence to support those figures. These measurements are specific, precise and exact numbers, and are the foundation for proof of that element of the crime, together with the witness officer's testimony as to the distance within the alley.
General Statutes § 54-56 provides the procedure whereby any information may be discharged by the court upon motion of the defendant. Most important General Statutes § 54-89, pertaining to jury cases, places upon the trial court a responsibility to direct a finding of not guilty if in the opinion of the court the evidence is not sufficient to justify a finding of guilt beyond a reasonable doubt. This court finds that the position taken by the petitioner in the brief that there was not evidence to support the occurrence as being within the 1500 foot distance is unfounded.
The petitioner, in testifying before this court did not take the position he would have testified, had he been at the reconstruction proceedings, that witness Goldner, did not, at the trial, testify to the 1071 foot and 1079 foot measurements. Rather the petitioner appears to take the position that the witness testified that an alternate or optimal way to measure would be to measure on a straight compass line from point CT Page 13937 of transaction to the school. Such a measurement would have to go through buildings. Whether or not this was stated by the witness, or whether it accurately reflects the law, is immaterial. If, rather than measuring down the street with a wheel, a measurement had been made in a straight compass line then the distance between transaction and school would invariably be less than going down the street and alleyway. The shortest distance between two points is always a straight line, per elementary rules of geometry. Such a compass measurement would have placed the transaction even closer to the school.
If the defendant testified at a rectification hearing as to testimony of an alternate compass measurement given at the trial, that would not have altered the stipulation, or provided an additional claim of error for appeal purposes as concerns whether there was testimony from witness Goldner as to 1071 or 1079 feet.
The petitioner also claims that the stipulation is in error when it claims that the court convened for trial at 11:50 on January 5, 1995. He claims that on the basis of his courtroom experience court always starts "right at ten o'clock." Defense counsel testified that the court did not always start at 10:00 A.M. The clerk's note states, for January 4, as its last entry "Court recess/adjourns till 11:30 for 1/5/95." Defense counsel does not remember the trial starting at 10:00 every day. This court does not credit the petitioner's logic.
The petitioner would have testified that Officer Perez contrary to the stipulation, did not testify that "at approximately 5:17 p.m." he received a call from Officer Wisegerber that the transaction had taken place. The petitioner does not give a source of knowledge or recollection as to why he claims that Officer Perez did not so testify except that "he couldn't have." Officer Wisegerber, the eyewitness to the transaction, testified that the transaction took place at 5:17 p.m. (Transcript 1/4/95 p. 48). The petition does not explain what difference this would make for the appeal, as the jury had before it Officer Wisegerber's testimony as to time of the occurrence.
The petitioner testified, before this court, that when Officer Perez said he did not see the defendant, the judge stated to the prosecutor, in open court, in front of the jury, "that is a tear in your shirt." This was ostensibly a judicial comment to criticize the testimony of Officer Wisegerber. Both defense counsel and the trial judge, testifying at this habeas proceeding, deny that this was ever said. It is totally improbable that this would have been said by the trial court, let alone in the presence of the jury; or that such statement if it had been made could have been detrimental to the petitioner at trial, or could have been assistance to him in the appeal, as the jury verdict clearly accepted the CT Page 13938 testimony of Officer Wisegerber. See 50 Conn. App. 109, supra.
Lastly the petitioner would have testified that Officer Cotto said that the petitioner got out of the car and cupped his hands and walked into some wooded area. This is not in the stipulation. Officer Cotto, by the stipulation, testified that he confronted the petitioner earlier in the day and no drugs were found on petitioner. He was also present when the buyer was arrested. There is no mention made by petitioner in the stipulation as to any woods in the area, or what relevance that would have to the question of the petitioner's sale that day.
To summarize the petitioner's factual claims, there is no merit to the claim, in the brief, that the jury did not have adequate evidence to determine that possession and sale took place within fifteen hundred feet of the school. If the petitioner had testified at the reconstruction proceeding, he would not have been able to credibly testify that there was not evidence/testimony to support a jury verdict on those 1500 foot charges. As to the remaining claims that the petitioner now makes as to either errors or omissions in the reconstruction stipulation those claims, such as the time of day that court convened and the like, are not only not credible, but further pertain to irrelevant matters which could not have affected the outcome of any appeal of the petitioner's conviction on any of the charges.
 V Procedural due process.
Procedurally the process requires an opportunity to be heard but does not necessarily require a full evidentiary hearing. State v. Lopez,235 Conn. 487, 497 (1995). The petitioner's trial attorney participated fully in the rectification proceedings. The defense attorney had gone over his trial notes with the petitioner prior to the stipulation. The petitioner had full opportunity to dialogue with the attorney, to suggest corrections or additions, and make suggestions, none of which he chose to do. Accordingly, this court finds that the petitioner by himself in consultation with his attorney, as well as through his attorney, did have the opportunity to be heard.
 VI Claims of ineffective assistance of counsel.
The petitioner claims that he was subject to ineffective assistance of counsel. The thrust of the petitioner's brief, submitted on October 18, 2000, post this trial, claims that counsel should have inserted into the CT Page 13939 reconstruction what he claims to be "the admitted fact that there was no measurement from the point of the school to the alleged drug transaction . . .". Apparently he claims that the wheel measure had to go to the precise location in the alley. As aforesaid this claim is superficial, for the petitioner further claims that there was no evidence of the distance down the alleyway at which the transaction took place. That position is obviously untenable.
Even if it could be argued that counsel was duty bound to insert into the stipulation the fact that Mr. Goldner's measurement did not include ameasurement into the alley, that fact is self evident in the stipulation, as Mr. Goldner's measurement went only to the alley. This claim, however, falls short as it does not mention Officer Wisegerber's testimony.
Counsel is not required to take a position that is untenable, and which cannot inure to the benefit of the accused. Even if the petitioner had been able to demonstrate that counsel should have placed in the stipulation the obvious fact, by reading the stipulation itself, that Goldner did not measure into the alley, that would not be adequate to demonstrate ineffective assistance of counsel. The other matters referred to in Section IV hereof are not proven, nor, if they had been proven, would not have formed a viable basis for appeal. Errors by counsel, even if professionally unreasonable, do not warrant setting aside the judgment of criminal proceedings if the error had no effect on the judgment. SeeStrickland v. Washington, 466 U.S. 668 (1984). "The petitioner must show that: (1) defense counsel's performance was not reasonably competent or within the range of competence expected of attorneys with ordinary training and skill in criminal law; and (2) but for counsel's substandard performance, there is a reasonable probability that the result of the proceeding would be different." Copas v. Commissioner of Correction,234 Conn. 139, 147 (1995). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v.Washington, supra, p. 690. The petitioner was not deprived of effective assistance of counsel.
 VII Conclusions.
The court determines that neither failure to have the petitioner present at the hearing, nor failure to specifically state in the stipulation that the measurement of Mr. Goldner did not specify the self evident fact that the measurement did not go into the alley constitutes ineffective assistance of counsel. As to the factual claims of the petitioner, that he would have testified that additional testimony was CT Page 13940 given at trial and should have been included in the stipulation, the court does not credit the petitioner's testimony that such testimony took place at the trial or that the trial judge made the comment testified to by the petitioner. Further, even if such testimony had occurred at the trial, or if the judge had so commented, and those claimed occurrences were included in the stipulation, they would have furnished no rational basis for appeal. There is no probability that the outcome of the appeal would have different.
For the reasons set forth herein, the petition for habeas corpus relief is denied.
L. Paul Sullivan, J.