## FREDERICK D. KNIGHT, JR. *v.* COMMISSIONER OF CORRECTION
### (AC 21579)

Foti, Dranginis and Flynn, Js.

Argued January 14—officially released March 12, 2002

*Max F. Brunswick,* for the appellant (petitioner).

*Denise B. Smoker,* assistant state's attorney, with whom, on the brief, were *Paul E. Murray,* state's attor-

ney, and *Angela R. Macchiarulo*, assistant state's attorney, for the appellee (respondent).

*Opinion*

FLYNN, J. The petitioner, Frederick D. Knight, Jr., appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. The petitioner claims that the habeas court improperly concluded that (1) his due process rights were not violated when he was not present at a reconstruction conference and (2) he was not deprived of the effective assistance of counsel. We affirm the judgment of the habeas court.

Following a jury trial, the petitioner was found guilty of sale of narcotics in violation of General Statutes § 21a-277 (a), sale of narcotics within 1500 feet of a school in violation of General Statutes § 21a-278a (b), possession of narcotics in violation of General Statutes § 21a-279 (a) and possession of narcotics within 1500 feet of a school in violation of General Statutes § 21a-279 (d). Subsequently, the petitioner pleaded guilty to being a persistent drug offender and was sentenced to a total effective term of seven years in the custody of the commissioner of correction. We affirmed his conviction in *State* v. *Knight*, 50 Conn. App. 109, 717 A.2d 274 (1998).

The petitioner filed an amended petition for a writ of habeas corpus alleging that (1) he was deprived of due process of law when a portion of the transcript of his trial was reconstructed in his absence and (2) he was deprived of the effective assistance of counsel. Following an evidentiary hearing, the habeas court denied the petition for a writ of habeas corpus and later granted the petition for certification to appeal. This appeal followed.

I

The following facts are relevant to our resolution of this appeal. During the pendency of the petitioner's

direct appeal, the petitioner's appellate counsel learned that the court reporter's tapes of one day of the trial were lost and therefore could not be transcribed. Appellate counsel filed a motion for rectification pursuant to Practice Book § 66-5, which was granted. The petitioner's trial counsel, Allen Williams, and the assistant state's attorney, Robert Katz, agreed to meet to reconstruct the missing transcript from their notes and personal recollections. Williams and Katz agreed on, and signed, an eight page stipulation that reconstructed the trial testimony of seven witnesses. The stipulation was then submitted to the trial judge, who signed and approved it.

In this appeal, the petitioner claims that he had a constitutional right to attend the reconstruction conference and that he never waived that right. The petitioner seeks to be given a new preappeal reconstruction. This claim has no merit.

Our Supreme Court's holding in *State* v. *Lopez*, 235 Conn. 487, 668 A.2d 360 (1995), that the due process clause does not require a hearing before a transcript rectification is ordered, is dispositive of this appeal. "Practice Book § 4051 [now § 66-5],[1] which governs transcript rectification does not require a hearing. Until 1985, the rules of practice provided that a trial transcript could be rectified only 'after [a] hearing.' Practice Book, 1983, § 3082 [now § 66-5]. In 1985, however, the hearing requirement was deleted . . . . We construe the 1985 deletion of the hearing requirement as vesting discretion in the trial court to determine whether to hold an

[1] Practice Book § 66-5 provides in relevant part: "A motion seeking corrections in the transcript or the trial court record . . . shall be called a motion for rectification . . . . If any party requests it and it is deemed necessary by the trial court, the trial court shall hold a hearing at which arguments may be heard, evidence taken or a stipulation of counsel received and approved. The trial court may make such corrections or additions as are necessary for the proper presentation of the issues raised or for the proper presentation of questions reserved. The trial judge shall file the decision on the motion with the appellate clerk."

evidentiary hearing before correcting a transcript." Id., 494–95. No hearing was held in this case. We conclude that the court did not abuse its discretion when it determined not to hold a hearing.

In this case, the habeas court found that although the petitioner was not specifically invited to participate in the reconstruction conference, he did not express an interest in attending or participating in the process. Further, the court found that defense counsel reviewed his trial notes with the petitioner before the stipulation was completed and that he reviewed the stipulation with him after it was completed. As a result, the court determined that because the petitioner had the opportunity to voice any objection to the stipulation through his counsel, the petitioner had the opportunity to be heard.

On the basis of our review of the record, we conclude that the habeas court properly determined that the petitioner was not deprived of his due process rights.

II

The petitioner next claims that his counsel's failure to inform him of his right to be present at the reconstruction conference deprived him of the effective assistance of counsel. We do not agree.

We first note our standard of review. "In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Baillargeon* v. *Commissioner of Correction*, 67 Conn. App. 716, 720, 789 A.2d 1046 (2002).

"[T]o prevail on a constitutional claim of ineffective assistance of counsel, [the petitioner] must establish both (1) deficient performance, and (2) actual preju-

dice. . . . To prove that his counsel's performance was deficient, the petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness. . . . Furthermore, the petitioner must establish not only that his counsel's performance was deficient, but that as a result thereof he suffered actual prejudice, namely, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Citations omitted; internal quotation marks omitted.) *Milner* v. *Commissioner of Correction*, 63 Conn. App. 726, 738, 779 A.2d 156 (2001).

The habeas court found that the petitioner's counsel informed him of the reconstruction conference and discussed the stipulation with him before signing it. As we discussed in part I of this opinion, because the petitioner had no constitutional right to a reconstruction hearing and his counsel kept him informed of the proceedings, we conclude that his counsel's performance was not deficient.

In addition, we conclude that even if we were to determine that the petitioner's counsel's performance was deficient, the petitioner suffered no prejudice. Specifically, he claims that his counsel should have inserted into the reconstructed transcript that there was an admitted fact that there was no accurate measurement of the distance between the alleged drug transaction and the school. The transaction took place in an alleyway, and the petitioner claims that without knowing how far down the alleyway the transaction took place, there could not be an accurate measurement from the point of the transaction to the school to establish that it took place within 1500 feet of the school. He also claims that it was not clear whether the distance was measured in a straight line through the intervening buildings or around the buildings.

The habeas court found that the distance from the school to the alleyway where the transaction occurred, measured around the buildings, was 1079 feet. There was testimony that the alley was no more than thirty feet long, and, consequently, the jury could conclude that the transaction clearly occurred within 1500 feet of the school. As the court pointed out, if the measurement was done in a straight line from the point of the transaction through the buildings, such a measurement would have placed the transaction even closer to the school. The court stated: "If the petitioner had testified at the reconstruction proceeding, he would not have been able to credibly testify that there was not evidence [or] testimony to support a jury verdict on those 1500 foot charges." This conclusion was both legally and logically correct and finds support in the record. We conclude that because the result would not have been different, the petitioner has failed to show any prejudice as a result of his absence from the reconstruction conference.

Upon review of the record as a whole, we conclude that the habeas court properly found that the petitioner failed to satisfy his burden of establishing that his trial counsel provided ineffective assistance.

The judgment is affirmed.

In this opinion the other judges concurred.